# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BROAN-NUTONE LLC,

    Plaintiff,

v.

CONGLOM HONG KONG LIMITED,

    Defendant.

Case No. 23-CV-393-JPS

**ORDER**

1. **INTRODUCTION**

On March 27, 2023, Plaintiff Broan-NuTone LLC ("Plaintiff") sued Defendant Conglom Hong Kong Limited ("Defendant"), a foreign entity. ECF No. 1. Roughly five months later, the Court ordered Plaintiff to "update the Court as to the status of its service efforts," noting that "[w]hile the Federal Rules do not set an express deadline for serving a foreign defendant, the amount of time allowed for foreign service is not unlimited." August 21, 2023 text order (citing *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)). Plaintiff informed the Court that it was in contact with Defendant's counsel, that Defendant declined to waive service of process, and that Plaintiff was attempting to serve Defendant under the Hague Convention. ECF No. 7.

Now before the Court is Plaintiff's motion for leave to serve Defendant through alternative means—specifically, "via e-mail and delivery via courier services"—under Federal Rule of Civil Procedure 4(f)(3). ECF Nos. 12, 13 at 7. For the reasons discussed herein, the Court will grant the motion.

## 2. LAW & ANALYSIS

Rule 4(f)(3) provides that an individual in a foreign country may be served "by other means not prohibited by international agreement, as the court orders." "The decision whether to allow alternate methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (quoting *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004)).

A court "may exercise its discretion to permit such service, so long as" "the proposed alternative method of service . . . is prohibited neither by federal law nor international agreement" and "so long as it comports with constitutional due process under *Mullane v. Cent. Hanover Bank and Trust Co.*, 339 U.S. 306, . . . (1950)." *CKR Law LLP v. Anderson Invs. Int'l*, 525 F. Supp. 3d 518, 523 (S.D.N.Y. 2021). An alternative method of service comports with due process when "the method of service crafted" is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002) (quoting *Mullane*, 339 U.S. at 314).

Additionally, "courts will ordinarily permit alternative service only where the moving party shows that it 'has reasonably attempted to effectuate service on the defendant,' and that 'the circumstances are such that the court's intervention is necessary.'" *CKR Law*, 525 F. Supp. 3d at 523–24 (quoting *Convergen Energy LLC v. Brooks*, No. 20-cv-3746 (LJL), 2020 U.S. Dist. LEXIS 126293, at *10 (S.D.N.Y. July 17, 2020)). Service by alternative means under Rule 4(f)(3) is appropriate when, for example

> there is a need for speed that cannot be met by following the Hague Convention methods, when the Central Authority of

the foreign country has refused to serve a particular complaint . . . , or when a foreign country's Central Authority fails to effect service within the six-month period provided by the Hague Convention.

*Strabala,* 318 F.R.D. at 114 (quoting 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.)).

The rule "does not require a plaintiff to attempt service under Rule 4(f)(1) [such as by means authorized by the Hague Convention] before seeking authorization to use an alternative means of service." *CFTC v. Caniff,* No. 19-cv-2935, 2020 U.S. Dist. LEXIS 33416, at *14 (N.D. Ill. Feb. 27, 2020) (collecting cases). Nor does it "require exhaustion of all possible methods of service before a court may authorize service by 'other means,' such as service through counsel and by email." *AngioDynamics, Inc. v. Biolitec AG,* 780 F.3d 420, 429 (1st Cir. 2015) (quoting Fed. R. Civ. P. 4(f)(3)).

Nevertheless, the Hague Convention—in place to "simplify, standardize, and generally improve the process of serving documents abroad"—"specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *CFTC,* 2020 U.S. Dist. LEXIS 33416, at *14–15 (quoting *Water Splash, Inc. v. Menon,* 581 U.S. 271, 273 (2017)); *Water Splash, Inc.,* 581 U.S. at 273. The Hague Convention applies to this case "because Hong Kong, where Defendant is located, is a Special Administrative Region of China, and China is a signatory to the Hague Convention." *PRL United States Holdings, Inc. v. Zoetop Bus., Co., LTD,* No. LA CV 21-024240SPG-E, 2022 U.S. Dist. LEXIS 243485, at *7 (C.D. Cal. Oct. 17, 2022). "Therefore, the Court must determine whether email service is permitted under China's accession to the Hague Convention." *Id.*

Article 10(a) of the Hague Convention specifically permits service by *mail* "as long as the receiving state does not object." *Water Splash, Inc.*, 581 U.S. at 284. Meanwhile, "[t]he Convention does not affirmatively authorize, nor does it prohibit, service by email." *CFTC*, 2020 U.S. Dist. LEXIS 33416, at *15–16 (citing *Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 391 F. Supp. 3d 816, 822 (N.D. Ill. 2019); *Habas Sinai Ve Tibbi Gazlar Istihsal A.S. v. Int'l Tech. & Knowledge Co.*, No. 19-608, 2019 U.S. Dist. LEXIS 219724, at *3 (W.D. Pa. Dec. 23, 2019); and *Bazarian Int'l Fin. Assocs., LLC v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 17 (D.C. Cir. 2016)). "Courts have therefore split on the issue of whether email service is permissible under the Hague Convention." *PRL*, 2022 U.S. Dist. LEXIS 243485, at *10 (citing *Facebook Inc. v. 9 Xiu Network (Shenzhen) Tech. Co. Ltd.*, 480 F. Supp. 3d 977, 983 (N.D. Cal. 2020); *Media Trademark and Licensing Ltd. v. COINGEEKLTD.COM*, No. CV-21-00214-PHXDWL, 2021 U.S. Dist. LEXIS 128677 (D. Ariz. July 9, 2021); and *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011)).[1]

China "has objected to Article 10(a) of the Convention, which," as noted, provides that as long as "the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad.'" *Oakley, Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, No. 20-cv-05049,

---

[1] Plaintiff fails to acknowledge this split and the fact that at least one district court in this Circuit has in recent years reached the opposite conclusion of that proffered by Plaintiff. *See Luxottica*, 391 F. Supp. 3d at 825–27 (concluding that email as alternative means of serving Chinese defendant was invalid as inconsistent, and therefore preempted, by the Hague Convention). In so doing, Plaintiff's analysis falls short and obfuscates the state of the law on this issue, falsely depicting it as clearer than it really is. It should go without saying that the Court is not Plaintiff's research assistant and will not find itself cast as such again.

2021 U.S. Dist. LEXIS 128234, at *14 (N.D. Ill. July 9, 2021) (citation omitted). Nevertheless, "the majority [of courts] have concluded that a country's objection to [postal service under the Hague Convention] does not equate to an objection to email service." *Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'n Identified on Schedule A*, No. 20 C 4806, 2021 U.S. Dist. LEXIS 64064, at *10 (N.D. Ill. Apr. 1, 2021) (quoting *The Neck Hammock, Inc. v. Danezen.com*, No. 2:20-CV-287-DAK-DBP, 2020 U.S. Dist. LEXIS 202808, at *10 (D. Utah Oct. 29, 2020)) (collecting cases); *see also Chanel, Inc. v. Handbagstore*, No. 20-CV-62121-RUIZ/STRAUSS, 2021 U.S. Dist. LEXIS 122842, at *27 (S.D. Fla. June 30, 2021) ("According to the majority view, followed by this District, China's objection to the alternative means of service in Article 10, which includes an allowance for service by mail, does not preclude service by e-mail or web posting.") (citing *Chanel, Inc. v. designerchanelgirl.com*, No. 20-62447-CIV, 2020 U.S. Dist. LEXIS 248562, 2020 WL 8226843, at *1 (S.D. Fla. Dec. 2, 2020)). And "unlike postal service, email does not require physical intrusion on Chinese territory, which is China's express objection to the availability of postal service under the Hague Convention." *Hangzhou Chic Intelligent Tech.*, 2021 U.S. Dist. LEXIS 64064, at *10.

For those reasons, while the Seventh Circuit has not directly addressed the matter, various district courts in this Circuit and elsewhere have declined to "interpret China's objections to postal service under the Hague Convention as encompassing service by email" and have concluded that service by email on Chinese defendants as an alternative means under Rule 4(f)(3) is appropriate, particularly when the plaintiff "has attempted to serve [the defendant] via the Hague Convention . . . to no avail." *Id.* at *10–12; *Parsons v. Shenzen Fest Tech. Co.*, No. 18 CV 08506, 2021 U.S. Dist.

LEXIS 35903, at *6–7 (N.D. Ill. Feb. 26, 2021); *see also, e.g., Oakley,* 2021 U.S. Dist. LEXIS 128234, at *14–15 (concluding, "in the absence of controlling authority holding otherwise," that service by email on Chinese defendants as alternative means under Rule 4(f)(3) was proper); *Ouyeinc Ltd. v. Alucy*, No 20 C 3490, 2021 U.S. Dist. LEXIS 92321, at *3–4 (N.D. Ill. May 14, 2021) (same) (collecting cases); *but see Luxottica,* 391 F. Supp. 3d at 825–27 (concluding the opposite, *see supra* note 1).

The Court will defer to the wisdom of these greater number of district courts. "[P]laintiff has attempted to effect service under the Hague Convention" to no avail. *Parsons*, 2021 U.S. Dist. LEXIS 35903, at *7–8; ECF Nos. 7, 12 at 2. This demonstrates that Plaintiff "'has reasonably attempted to effectuate service on the defendant,' and that 'the circumstances are such that the court's intervention is necessary.'" *CKR Law,* 525 F. Supp. 3d at 523–24 (quoting *Convergen Energy LLC,* 2020 U.S. Dist. LEXIS 126293, at *10). Further, the "advisory notes [to Fed. R. Civ. P. 4] anticipate that circumstances such as those present [here] may justify the use of additional methods of service, and courts repeatedly find e-mail service to be that 'additional method' when the plaintiff has first attempted to effect service under the Hague Convention." *Parsons*, 2021 U.S. Dist. LEXIS 35903, at *8 (collecting cases).

Finally, the Court is satisfied that service on Defendant's counsel by email in this case satisfies due process because it is reasonably calculated to apprise Defendant of the action; indeed, Defendant is ostensibly already aware of the action, as Plaintiff has already been in contact with Defendant's counsel via email. *Rio Props.,* 284 F.3d at 1016–17 (quoting *Mullane,* 339 U.S. at 314); ECF No. 12-1; *see also Parsons,* 2021 U.S. Dist. LEXIS 35903, at *9 ("[C]ourts that have permitted electronic service have found it

complied with due process when, for example . . . the e-mail address used as for the defendant's retained attorney . . . .") (collecting cases).

Accordingly, the Court will grant Plaintiff's motion.

### 3. CONCLUSION

In light of the foregoing, and in the absence of contrary authority from the Seventh Circuit, the Court concludes that Plaintiff may appropriately utilize email, directed to Defendant's counsel, as an alternative means of service under Rule 4(f)(3) in this case. Accordingly, the Court grants Plaintiff's motion for leave to serve Defendant by alternative means under Rule 4(f)(3).

Accordingly,

**IT IS ORDERED** that Plaintiff Broan-NuTone LLC's motion for leave to serve by alternative means, ECF No. 12, be and the same is hereby **GRANTED**; Plaintiff to file proof of service by email on Defendant Conglom Hong Kong Limited on or before **Friday, January 19, 2024**.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 7 of 7
Case 2:23-cv-00393-JPS   Filed 12/19/23   Page 7 of 7   Document 14