IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BROAN-NUTONE LLC,

    Plaintiff,

v.

CONGLOM HONG KONG LIMITED,

    Defendant.

Case No. 2:23-cv-00393

## JOINT RULE 26 PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), and Civil Local Rule 16(a) and 26(a), counsel for Plaintiff Broan-NuTone LLC ("Broan") and Defendant Conglom Hong Kong Limited ("Conglom") have met and conferred and hereby submit their Joint Rule 26 Plan.

### I.    NATURE OF THE CASE

This is a suit for infringement of two U.S. Patents Nos. 10,539,329 ("the '329 patent") and 11,519,611 ("the '611 patent"). Both patents are entitled "Range Hood Installation System." Broan contends that Conglom willfully infringes certain claims of the '329 and '611 patents in connection with Conglom's manufacture, sale and importation of range hoods that Broan alleges incorporate features patented in both asserted patents.

### II.    JURISDICTION & SERVICE

Pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has federal subject matter jurisdiction over Broan's claims for patent infringement of the '329 patent and the '611 patent. This Court granted Plaintiff leave to serve Conglom via e-mail under Federal Rule of Civil

Procedure 4(f)(3). Dkt. 14. Plaintiff served Conglom via e-mail on December 22, 2023. To date, Conglom has yet to answer the Complaint. Defendant Conglom intends to dispute that the current allegations in the Complaint establish personal jurisdiction.

### III. LEGAL ISSUES

The parties anticipate that the following factual and legal issues will be in dispute:

- Whether this Court may exercise personal jurisdiction over Defendant Conglom;
- Interpretation of certain claim terms in the '329 and '611 patents;
- Whether Conglom infringes any claims of the '329 patent and the '611 patent under 35 U.S.C. § 271;
- Whether the asserted claims of the '329 patent and the '611 patent are invalid or unenforceable; and
- The appropriate remedy if there is a finding that the '329 patent and the '611 patent are valid and infringed.

The parties reserve the right to raise additional issues that become relevant in the case as a result of any new claims, defenses, or counterclaims.

### IV. MOTIONS

Plaintiff's Motion for Alternative Service of Process under Federal Rule of Civil Procedure 4(f)(3) was granted on December 19, 2023. There are no motions currently pending. Conglom has indicated that it intends to file a Motion to Dismiss for lack of personal jurisdiction and failure to state a claim.

### V. AMENDMENT OF PLEADINGS

Amendments to the pleadings may be made pursuant to Fed. R. Civ. P. 15.

## VI. EVIDENCE PRESERVATION

The parties have conferred, and each party's counsel has represented that they have maintained and preserved all hard copies and electronic files believed to be relevant to the issues in this action. The parties have confirmed that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The parties will exchange disclosures pursuant to Fed. R. Civ. P. 26 no later than February 26, 2024.

## VIII. DISCOVERY

No discovery has been taken to date. The parties propose the following limitations on discovery.

The parties agree that they are each permitted to serve a maximum of 25 interrogatories, including contention interrogatories, and subparts of each. The parties agree that they are each permitted to serve a maximum of 40 requests for admission, not including any requests for admission related to the authentication of documents.

The parties may each take a total of 10 fact depositions plus depositions of each of its opponent's experts. These limits may be increased by agreement of the parties or by order of the Court. Each Rule 30(b)(6) deposition notice shall count as one deposition against the limit of depositions. Each deposition shall be limited to a maximum of 7 hours on the record unless the maximum is increased by agreement of the parties or by order of the Court.

Supplementation under Fed. R. Civ. P. 26(e) shall be due within the time frames set in Fed. R. Civ. P. 26(e)(1) and Fed. R. Civ. P. 26(e)(2).

The parties agree to negotiate an agreement governing discovery of electronically stored information, if it is determined that such discovery is necessary here.

The parties anticipate that they will request the entry of a Protective Order.

The parties agree that the inadvertent disclosure of any privileged information shall not constitute a waiver of any privilege and the parties may not utilize such information for any purpose. The parties respectfully request the Court issue an order reflecting the parties' agreement under Federal Rule of Evidence 502, either as part of its scheduling order as provided in Federal Rule of Civil Procedure 16(b)(3)(iv) or as a separate order.

The parties hereby consent in writing that service by electronic means (such as e-mail) will be allowed as set forth in Federal Rule of Civil Procedure 5(b)(2)(E) and that such service will be deemed complete upon transmission, provided such communication was timely received by the serving party.

## IX. **RELIEF**

Broan seeks an order awarding:

- Injunctive relief;
- Monetary damages as measured by either: (a) lost profits in an amount to be proven at trial; or (b) a reasonable royalty in an amount to be proven at trial;
- Enhanced damages for willful infringement of the '329 patent and the '611 patent;
- Pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284;
- A determination that this is an exceptional case pursuant to 35 U.S.C. § 285, with an award to Broan of its attorneys' fees and costs; and
- Any additional relief the Court deems just and appropriate.

## X. SETTLEMENT DISCUSSIONS

The parties have discussed potential settlement. No agreement has been reached at this time.

## XI. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

All parties did not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

## XII. PROCEEDING IS NOT TO BE EXEMPTED FROM INITIAL DISCLOSURES

Under Fed. R. Civ. P. 26(a)(1)(B) and 26(f), this proceeding is not of a type to be exempted from initial disclosures.

## XIII. SCHEDULING

The parties submit below proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, trial, and other case milestones.

**Plaintiff's Statement in Support of Its Proposed Schedule**: Plaintiff filed the present suit in March, 2023, and Defendant Conglom received a copy of the complaint immediately thereafter. Defendant Conglom refused Plaintiff's request to accept service, instead demanding that Plaintiff pursue service via the time-consuming and ultimately fruitless procedures set forth in the Hague Convention. Service was ultimately affected via alternative means pursuant to an order of this Court. Despite having been in possession of the complaint since March, 2023, Defendant Conglom thereafter sought and received further extensions of time to respond. Plaintiff has proposed a reasonable schedule for this straight-forward case involving a mechanical patent on kitchen range hoods which avoids further delays. Notwithstanding Defendant Conglom's statements, the present complaint does allege that Defendant imports the accused products into the United States, and thereby directs its business activities to the United

States. Those allegations are based upon representations made by Defendant's counsel to Plaintiff's prior counsel on or about November 2, 2022, confirming that Defendant imported the accused products into the United States. Defendant's belated objections to jurisdiction should not further delay this matter.

**Defendant's Statement in Support of Its Proposed Schedule**: Defendant Conglom is a foreign corporation that has no operations, documents, or witnesses in the United States, making discovery more burdensome than standard cases involving United States defendants. Conglom also intends to file a motion to dismiss for lack of personal jurisdiction and failure to state a claim because there is no allegation Conglom directs its business at the United States or sells or imports any product in the United States. And in fact, Conglom does none of these things. Defendant's proposed schedule gives the Court an opportunity to consider Defendant's proposed motion while ensuring a speedy disposition of the case.

| Event | Plaintiff's Proposed Deadline | Defendant's Proposed Deadline |
|---|---|---|
| Defendant's Answer/Response to Complaint | February 11, 2024 ||
| Parties to serve Rule 26(a)(1) Disclosures | February 26, 2024 ||
| Deadline to Amend Pleadings | April 15, 2024 ||
| Completion of Fact Discovery | May 23, 2024 | September 23, 2024 |
| Deadline to serve Expert Reports on issues for which party has burden of proof | June 24, 2024 | October 7, 2024 |
| Deadline to serve Rebuttal Expert Reports on issues for which party does not have burden of proof | July 24, 2024 | October 28, 2024 |
| Completion of Expert Discovery | August 23, 2024 | November 18, 2024 |
| **Deadline to File Dispositive Motions and Motions Seeking Claim Construction** | **September 6, 2024** | **December 2, 2024** |

| Dispositive Motions Hearing | At the Court's convenience after October 21, 2024 | At the Court's convenience |
|---|---|---|
| Parties to serve Rule 26(a)(3) disclosures | November 21, 2024 | At the Court's convenience |
| Parties to serve objections to Rule 26(a)(3) disclosures and motions in limine | December 5, 2024 | At the Court's convenience |
| Pre-Trial Conference | At the Court's convenience after December 5, 2024 | At the Court's convenience |
| **Case Ready for Trial** | **December 12, 2025** | **February 5, 2025** |

## XIV. TRIAL

Broan has demanded a jury trial. The parties estimate a 4–6-day trial.

## XV. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Wisconsin Rules of Professional Conduct.

Dated: January 23, 2024

Respectfully submitted,

By: /s/ Thomas L. Duston
Thomas L. Duston
Raymond R. Ricordati III
Chelsea M. Murray
Isaku Begert
MARSHALL, GERSTEIN & BORUN LLP
233 S. Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606
(312) 474-6300
tduston@marshallip.com
rricordati@marshallip.com
cmurray@marshallip.com
ibegert@marshallip.com

*Counsel for Plaintiff Broan-NuTone LLC*

Respectfully submitted,

By: /s/ Brian O'Reilly
Brian O'Reilly
O'Reilly IP PLLC
26 Broadway, Floor 3
New York, NY 10004
(212) 540-0650
Brian@oreillyip.com

Christopher R. Liro
Aaron T. Olejniczak
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
(414) 271-7590
Chris.liro@andruslaw.com
aarono@andruslaw.com

*Counsel for Defendant Conglom Hong Kong Limited*