UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BROAN-NUTONE LLC, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 2:11-cv-00393-JPS |
| ) | |
| CONGLOM HONG KONG LIMITED ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CONGLOM HONG KONG LIMITED'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS UNDER FRCP 12(b)(6) AND 12(b)(2)**

Defendant, Conglom Hong Kong Limited ("Conglom HK"), hereby submits this Memorandum in support of its Motion to Dismiss Broan-NuTone's ("Broan") Complaint for patent infringement ("Complaint") for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction.

### I. INTRODUCTION

Broan filed its Complaint without basis. Conglom HK is a foreign entity that has minimal to no connection to the United States. The simple fact is that Conglom HK does not sell, offer to sell, or import the Accused Products in the United States. Instead, it sells the Accused Products to The Home Depot ("THD") in Thailand and title in the Accused Products passes to THD in Thailand.

As a practical matter, though, Broan does not want to sue THD. That is because THD also buys range hoods and other fan products from Broan. (Conglom HK's Contested Facts ¶ 5.) So,

- 1 -
Case 2:23-cv-00393-JPS   Filed 02/12/24   Page 1 of 10   Document 24

instead, Broan has attempted to use the cost and complexity of a baseless federal action to eliminate its competition. Without having a basis to allege infringement and having no personal jurisdiction over Conglom HK in this Court, the Court should dismiss the Complaint and end this case.

## II. BACKGROUND

On March 27, 2023, Broan filed its Complaint against Conglom HK, alleging infringement of U.S. Patent Nos. 10,539,329 (the '329 patent) and 11,519,611 (the '611 patent). (Compl. ¶¶ 25, 33, ECF No. 1.) Broan did not serve Conglom HK under the Hague Convention, and instead sought and received leave from the Court to serve through alternative means, specifically by email. (Order 1, ECF No. 14.) Counsel for Broan served the Complaint on Conglom HK counsel on December 22, 2023. (Summons, ECF No. 16.)

### *Broan's Refusal to Explain the Basis for the Complaint*

On December 29, 2023, Defense Counsel spoke to Plaintiff Counsel and requested an extension to answer the Complaint and informed Plaintiff Counsel that Conglom HK intended to move to dismiss the case for failure to state a claim and lack of personal jurisdiction. (Certification of Meet and Confer ¶ 2.) Defense Counsel explained to Plaintiff Counsel that Conglom HK did not import or sell the Accused Products in, and had no connection to, the United States.

On January 11, 2024, the parties met and conferred regarding Conglom HK's Motion to Dismiss for Failure to State a Claim and Lack of Personal Jurisdiction. Defense Counsel again explained the basis for its motion. Defense Counsel again reiterated that Conglom HK did not import or sell the Accused Products in, and had no connection to, the United States. Plaintiff did not present a basis for its opposition. (*Id*. ¶ 5.)

On January 22, 2024, the parties met and conferred regarding the Joint Rule 26 Plan. Defense Counsel again raised its intended motion to dismiss and associated bases. Plaintiff did

- 2 -
Case 2:23-cv-00393-JPS    Filed 02/12/24    Page 2 of 10    Document 24

not present or explain the basis for opposing Conglom HK's intended motion. (*Id*. ¶ 6.)

On February 8, 2024, at 11:33 AM EST, several days before the February 12 deadline to respond to the Complaint, Defense Counsel sent a draft of agreed-upon facts listing the facts discussed in counsel's numerous previous discussions. (*Id*. ¶ 9, Ex. A, pgs. 6-7.)

On February 10, 2024, at 11:40 PM EST, Plaintiff Counsel disclosed for the first time its list of proposed facts allegedly supporting personal jurisdiction. Plaintiff Counsel also seemed to raise for the first time that Conglom HK infringed because it visited THD in the United States and discussed the sale of the Accused Product. (*Id*. ¶ 10, Ex. A, pg. 4.)

On February 11, at 10:34 AM EST, Defense Counsel responded with a detailed email addressing numerous issues raised by Plaintiff Counsel. Defense Counsel also inquired if Broan intended to amend its complaint because it appeared it was changing its infringement allegation and relying upon non-alleged facts. (*Id*. ¶ 11, Ex. A, pgs. 3-4.)

On February 12, 2024, at 10:36 AM EST, Plaintiff Counsel responded by confirming and disputing certain facts, but did not address the issue of amending its Complaint. (*Id*. ¶ 12, Ex. A, pgs. 1-2.) At 1:43 PM ET, Plaintiff Counsel sent a follow up email attaching Broan's proposed jury instructions. (*Id*.)

### *Broan's Awareness that Conglom HK Does Not Import the Accused Product*

To support its claims of infringement, Broan has made the unsupported claim that Conglom HK counsel confirmed it imported the Accused Product into the United States.

In its draft Joint Rule 26 Plan, Plaintiff Counsel included a statement that "the present complaint does allege that Defendant imports the Accused Products into the United States, and thereby directs its business activities to the United States. Those allegations are based upon representations made by Defendant's counsel to Plaintiff's prior counsel on or about November 2,

2022, confirming that Defendant imported the Accused Products into the United States." (Joint Rule 26 Plan 5-6, ECF No. 21.) Those statements were in response to Conglom HK's statement that it did not sell or import the Accused Product. (*Id*.)

Conglom HK counsel does not believe he made this alleged representation, and this alleged representation was not included in the Complaint. (Tseng Dec. ¶ 7-11.) More importantly, there is little dispute that since at least December 29, 2023, Plaintiff Counsel was aware that Conglom HK disputed that it imported the Accused Product into the United States. (Certification of Meet and Confer ¶ 2.)

### III. FAILURE TO STATE A CLAIM

#### A. Legal Standard

Under Rule 12(b)(6), a party may move for dismissal of an action when a party has made allegations without sufficient factual support. *See*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (holding "naked assertion[s] devoid of further factual enhancement is insufficient to withstand a motion to dismiss").

In *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court "rais[ed] the bar for what must be included in the complaint." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010). Further: "*Twombly* and *Iqbal* establish two new principles of pleading in all cases: (1) 'fair notice' alone will not suffice; a complaint must be 'plausible' as well; and (2) a court may not accept 'conclusory' allegations as true." *Riley v. Vilsack*, 665 F. Supp. 2d 994, 1002 (W.D. Wis. 2009) (Crabb, J.).

In the context of patent infringement claims, the Federal Circuit has held that claims to patent infringement require factual support for each allegation. *See*, *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) (holding that "mere recitation of claim elements and

corresponding conclusions, without supporting factual allegations, is insufficient to satisfy the Iqbal/Twombly standard").

Moreover, it is not sufficient or allowable to plead infringement without basis in the hopes of discovering support after filing; after-the-fact arguments do not substitute for pre-filing investigations. *See Judin v. U.S.*, 110 F.3d 780, 784 (Fed. Cir. 1997) (failure to conduct pre-filing investigation is sanctionable). A "patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement." *Source Vagabond Sys. v. Hydrapak, Inc.*, 753 F.3d 1291, 1302 (Fed. Cir. 2014) (internal citation omitted). If, for example, "a plaintiff cannot describe [the infringement claim] with some specificity … there is reason to question whether such a certification [of Rule 11 compliance] is true." *Bay Indus. Inc. v. Tru-Arx Mfg.*, *LLC*, Civ. No. 06-1010, 2006 WL 3469599, *2 (E.D. Wis. Nov. 29, 2006).

For an offer for sale or a sale to constitute patent infringement, the ultimate sale must occur in the United States. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 831 F.3d 1369, 1378 (Fed. Cir. 2016). The fact that negotiations, product demonstrations, and other activities occurred in the United States does not turn a foreign sale into a U.S. offer or sale. *See INDAG GmbH & Co, Betreibs KG v. IMA S.p.A*, 150 F. Supp. 3d 946, 969 (N.D. Ill. 2015) (dismissing Complaint for failure to state a claim because "an alleged offer for sale under Section 271(a) that includes contracting and negotiating activities in the United States, but ultimately results in contemplation of a sale occurring outside the United States is not encompassed by Section 271(a)").

### B. Argument – Failure to State a Claim

Broan has not described how or why Conglom HK infringes its patents.

Broan has alleged that Conglom HK imports the Accused Products into the United States.

(Compl. ¶¶ 25, 33, ECF No. 1 (alleging that "Conglom has been and is currently infringing the ['329 and '611] patent[s] by engaging in at least the **importation** of at least the Accused Products") (emphasis added).) It repeats that allegation throughout the Complaint. (*Id.* ¶¶ 6, 8, 9, 18, 25, 33.) It does not, however, explain on what basis it believes Conglom HK imports the Accused Products into the United States. In fact, Broan acknowledges that MC Appliance Corporation, not Conglom HK, is responsible for distribution of the Accused Products. (*Id.* ¶ 14.)

Recently, Broan disclosed that it based its importation allegation on the fact that Conglom HK's counsel allegedly "confirmed" Conglom HK imported the Accused Products. (Certification of Meet and Confer ¶ 7.) This reliance is unsupported and suspect. (*See* Tseng Dec. ¶¶ 6-11.) Conglom HK does not import the Accused Products into the United States. (Conglom HK's Contested Facts ¶ 3; Lai Dec. ¶ 9.)

Recently, however, Broan seems to have changed its basic theory of infringement. It now appears to argue that Conglom HK committed patent infringement when it allegedly traveled to THD. Specifically, Broan now appears to allege that Conglom HK traveled to the United States to conduct a "line review" and that constituted infringement. (Certification of Meet and Confer ¶ 11, Ex. A, pgs. 3-4) Broan refuses to address this change in strategy, and this new theory is not alleged in the Complaint. (*Id.* ¶ 12, Ex. A, pgs. 1-2.) Nevertheless, to the extent Broan is changing the basis for its case to argue negotiations in the United States that result in extraterritorial sales constitute infringement, its arguments still fail. *See Halo Elecs.*, 831 F.3d at 1378 (holding that negotiations in the United States for sales that occur outside of the United States are not sales or offer for sales under the patent statute.) Thus, any attempt to amend its Complaint would be futile and the Court should dismiss this Complaint with prejudice. *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 348 (7th Cir. 2018) (affirming dismissal and denial of motion to amend because

none of the proposed theories "push[ed] the original claim into the realm of plausibility").

### IV. PERSONAL JURISDICTION

#### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss on the ground that the court lacks jurisdiction over it. Fed. R. Civ. P. 12(b)(2). A plaintiff bears the burden of establishing personal jurisdiction. *N. Grain Mktg., LLC v. Greving,* 743 F.3d 487, 491 (7th Cir. 2014). When challenged, a plaintiff must "make out a *prima facie* case of personal jurisdiction." *Id.* (quoting *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002)).

In terms of allegations and evidence, a court may consider allegations in the Complaint as well as affidavits and other evidence outside of the pleadings. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). The court will "accept as true all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the plaintiff." *Purdue,* 338 F.3d at 782; *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). But a court may "accept as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *GCIU-Emp. Ret. Fund v. Goldfarb Corp.,* 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

"Rule 4(k)(2) allows 'a court to exercise personal jurisdiction over a [foreign] defendant if (1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the exercise of jurisdiction comports with due process.'" *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1293-94 (Fed. Cir. 2009)).

The three-pronged test for specific jurisdiction asks whether (1) the defendant purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to the

defendant's activities with the forum; and (3) assertion of personal jurisdiction is reasonable and fair. *NexLearn v. Allen Interactions, Inc.*, 859 F.3d 1371, 1376 (Fed. Cir. 2017). To determine whether exercising personal jurisdiction is reasonable and fair, there are five factors that the court considers: "(1) the burden on the defendant, (2) the forum's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering fundamental substantive social policies." *Synthes* 563 F.3d at 1299 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).) As this analysis is under Rule 4(k)(2), the forum in question is the United States.

Further, attempts to assert personal jurisdiction are not a blank check to take jurisdictional discovery. "At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). And the Court should not subject foreign entities to extensive jurisdictional discovery. *Id.* (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185-86 (2d Cir. 1998).)

### B. Argument – No Personal Jurisdiction

This Court should not exercise personal jurisdiction over Conglom HK. Conglom HK is a foreign entity with no offices, employees, or assets in the United States, and it does not sell or import the Accused Product into the United States. (Conglom HK's Contested Facts ¶¶ 2-3; Lai Dec. ¶¶ 5, 7, 9.) Consequently, Conglom did not have a reasonable expectation of being haled into court in the United States. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (holding that a foreign company's contacts with Illinois were too attenuated to support a claim of personal jurisdiction).

- 8 -
Case 2:23-cv-00393-JPS   Filed 02/12/24   Page 8 of 10   Document 24

Further, Plaintiff improperly based its jurisdictional claim on the fact that "Conglom imports infringing products into the United States and this judicial district." (Compl. ¶ 6, ECF No. 1.) Conglom HK does not import the Accused Product into the United States, much less into this state or judicial district. (Conglom HK's Contested Facts ¶ 3; Lai Dec. ¶ 9.) Therefore, Broan's professed basis is wrong.

To the extent Broan relies on the allegation that MC Appliance is Conglom HK's distributor, that is also wrong. (Compl. ¶ 14, ECF No. 1.) Conglom HK does not employ or contract with MC Appliance Corporation. (Conglom HK's Contested Facts ¶ 6; Lai Dec. ¶ 10.)

Moreover, the Accused Products are not even sold under Conglom HK brand in the United States. The Accused Products are sold at THD under THD's registered trademark, "Vissani," (Conglom HK's Contested Facts ¶ 4.) This means that consumers associate THD as the source of the goods, not Conglom HK. Conglom is in essence a contract manufacturer, making a product for THD to import and sell as its own.

It is also incredibly inefficient for Broan to sue Conglom HK. Conglom HK is a foreign manufacturer that does not sell or import the Accused Product into the United States, particularly since the Accused Products are sold by THD under its trademark. (*Id.*) The fact that Broan would prefer not to sue THD is not a factor that supports personal jurisdiction over Conglom HK in this Court.

Conglom HK is certainly aware that the Accused Product that it manufactures for THD will end up for sale in THD stores under THD's trademark. (*Id.* ¶¶ 3-4.) That knowledge is not, however, enough to support personal jurisdiction. *See Ill. Tool Works Inc. v. Elektromanufaktur Zangenstein Hanauer GmbH & Co.*, No. 11-CV-262-JPS, 2011 U.S. Dist. LEXIS 137985, at *14 (E.D. Wis. Nov. 30, 2011) (citing *Asahi Metal Industry Co., Ltd. v. Superior Court of California,*

*Solano County*, 480 U.S. 102, 112-13, (1987)).

Further, the Court should not order jurisdictional discovery. Broan has not met its initial burden and it is not entitled to further harass Conglom HK. *See Jazini v. Nissan Motor Co.*, 148 F.3d at 185-86.

## V. <u>CONCLUSION</u>

For the reasons set forth above, Conglom HK respectfully requests that the Court dismiss Broan's claims of patent infringement against Conglom HK.

Dated this 12th day of February, 2024

<u>s/Brian D. O'Reilly</u>

Christopher R. Liro (Wis. Bar No. 1089843)
chris.liro@andruslaw.com
Aaron T. Olejniczak (Wis. Bar No. 1034997)
aarono@andruslaw.com
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Telephone: (414) 271-7590
Fax: (414) 271-5770

Brian D. O'Reilly
O'Reilly IP PLLC
26 Broadway, 8th Floor
New York, NY 10004
Telephone: (212) 540-0650
Brian@oreillyip.com

*Attorneys for Defendant Conglom Hong Kong Limited*