## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

BROAN-NUTONE LLC,

               Plaintiff,

v.

CONGLOM HONG KONG LIMITED,

               Defendant.

Case No. 23-CV-393-JPS

**ORDER**

In March 2023, Plaintiff Broan-NuTone LLC ("Plaintiff") sued Defendant Conglom Hong Kong Limited ("Defendant") for patent infringement. ECF No. 1. Plaintiff alleges in its complaint that Defendant manufactures and imports into the United States range hoods, which are sold at "at least The Home Depot" ("Home Depot"), including at Home Depot locations in this District, and which infringe Plaintiff's patents. *Id.* at 2. After some delay for effectuation of foreign service of process, ECF Nos. 7, 12, 14, 15, 16, Defendant appeared in the action in January 2024, ECF No. 17.

Defendant is a foreign entity and seeks to dismiss the action for, inter alia, lack of personal jurisdiction. ECF No. 21 at 2; ECF No. 23. The only facts stipulated by the parties for purposes of that motion to dismiss are that: (1) Plaintiff is suing Defendant for alleged patent infringement of United States Patent Nos. 10,539,329 and 11,519,611; (2) Defendant is an entity headquartered in Hong Kong; and (3) Home Depot sells, in the United States, allegedly infringing range hoods manufactured by Defendant. ECF No. 25 at 1.

Defendant additionally proffers, as supported by signed declarations, the following non-stipulated facts relevant to personal jurisdiction: (1) Defendant "has no presence in the United States"; (2) Home Depot buys the allegedly infringing range hoods from Defendant in Thailand and then imports them into the United States, meaning that Home Depot takes full legal title of the range hoods in Thailand; (3) Home Depot owns the trademark for use in connection with the sale of the infringing range hoods, and Defendant includes that trademark (at Home Depot's direction) on the range hoods and related packaging; (4) Defendant does not contract with or employ MC Appliance Corporation ("MC Appliance")—the distributor of the allegedly infringing range hoods—to act as its distributor or importer. ECF No. 26 (citing ECF Nos. 29, 30).

Plaintiff now moves to compel Defendant to respond to jurisdictional related discovery requests. ECF No. 32.[1] Plaintiff also requests that its deadline to respond to Defendant's pending motion to dismiss, ECF No. 23, be stayed pending completion of the sought discovery. ECF No. 32 at 2.[2] For the reasons discussed herein, the Court will grant in part and deny in part the motion to compel and will grant the request to stay briefing on the pending motion to dismiss, ECF No. 23, pending completion of the approved discovery.

Plaintiff avers that it served Defendant with the discovery requests at issue on January 23, 2024, ECF Nos. 32-1 at 10 and 32-2 at 17; that it also served Home Depot with a subpoena duces tecum; and that Defendant

---

[1] Plaintiff also requests leave of Court to conduct jurisdictional discovery "[t]o the extent that [it] . . . required leave of the Court to serve jurisdictional discovery." ECF No. 32 at 2 n.1. The Court will grant this request.

[2] Defendant does not oppose this request. ECF No. 33 at 4.

"refused to provide substantive responses to all of" Plaintiff's discovery requests. ECF No. 32 at 2–3. Plaintiff avers that it seeks discovery from Defendant "that would rebut" Defendant's witness declarations, ECF Nos. 29, 30. *Id.* at 2.

In opposition, Defendant emphasizes that it should not be subject to extensive jurisdictional discovery due to its status as a foreign national. ECF No. 33 at 2 (citing *Cent. States, Se. & Sw. Areas Pension Fund. v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000)). It also avers that Defendant has no offices, assets, or employees in the United States and does not itself sell, offer for sale, or import any of the allegedly infringing range hoods into the United States. *Id.* at 3–4.

A party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure when another party fails to respond to a discovery request or when the party's response is evasive or incomplete. Fed. R. Civ. P. 37(a)(3)–(4). "The Federal Rules of Civil Procedure provide a court with broad discretion in resolving discovery disputes." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. Apr. 20, 2006) (citing *Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 611 (N.D. Ill. 2001)).

Specifically with respect to motions to compel discovery going to personal jurisdiction, "[t]he Seventh Circuit has held that it is within the discretion of the district court to allow a plaintiff to conduct limited discovery in order to establish that" such jurisdiction exists. *Sydmark v. MFK Mobilelink Wis., LLC*, No. 21-CV-504-JPS, 2022 U.S. Dist. LEXIS 72496, at *11–12 (E.D. Wis. Apr. 20, 2022) (citing *Cent. States*, 230 F.3d at 947). "[A] plaintiff is entitled to jurisdictional discovery if he or she can show that the factual record is at least ambiguous or unclear on the jurisdictional issue." *Id.* at *12 (quoting *CoVantage Credit Union v. Blue Cross Blue Shield of Mich. Mut. Ins.*

*Co.*, No. 21-C-867, 2021 U.S. Dist. LEXIS 207049, at *14 (E.D. Wis. Oct. 27, 2021)). Put otherwise, "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Cent. States*, 230 F.3d at 946 (citing *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997)). Nevertheless, "[f]oreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists." *Id.* (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185–86 (2d Cir. 1998)).

The Court is satisfied that this standard is met. Plaintiff has pleaded, and alleges that Defendant's former counsel later confirmed, that Defendant itself imports the allegedly infringing range hoods into the United States. ECF No. 32 at 4 (citing ECF No. 1 at 2 and ECF No. 32-4). Plaintiff also avers that it has learned that representatives of Defendant have traveled to the United States to meet with representatives of Home Depot to discuss the allegedly infringing products as well as the possibility of selling them to Home Depot for sale in the United States. *Id.* Plaintiff also asserts that it has learned that Defendant entered into a supply agreement with Home Depot in which it agreed to defend and indemnify Home Depot from claims such as those alleged in this action in the United States, and that Defendant's representatives apparently "communicate directly with U.S. customers" regarding shipping allegedly infringing replacement parts into the United States. *Id.* Plaintiff seeks to compel jurisdictional discovery to, inter alia, determine the veracity of this information and to rebut Defendant's statements to the contrary in their declarations. *Id.* (citing ECF Nos. 29, 30).

The Court will now address some of Defendant's specific arguments in opposition. As noted, Defendant first argues that it should not be subject

to extensive jurisdictional discovery due to its status as a foreign national, ECF No. 33 at 2, but Defendant does not actually contend that the information that Plaintiff seeks to compel from it is, indeed, extensive, overbroad, or unduly burdensome.

Defendant also argues, specifically with respect to Plaintiff's contention that it learned that representatives of Defendant traveled to the United States to offer the allegedly infringing products to Home Depot for sale, that Plaintiff fails to specify the year this alleged travel occurred, where the alleged meeting(s) took place, and other similar details. ECF No. 33 at 3. The Court does not consider the omission of those details fatal to Plaintiff's motion; presumably, those are the sorts of details that Plaintiff would unearth in discovery once it is able to confirm whether such travel and meeting(s) indeed occurred.

Defendant also contends that even if such travel and meeting(s) did occur, that this contact would nevertheless not be "the type of contact that supports a finding of personal jurisdiction." *Id.* (citing *INDAG GmbH & Co, Betreibs KG v. IMA S.p.A*, 150 F. Supp. 3d 946, 965 (N.D. Ill. 2015)).[3] Even if

---

[3]Defendant mischaracterizes the writing of the court in *INDAG,* though whether by mere carelessness of language or intentional obfuscation is unclear. The court did not write, as Defendant represents, that the foreign defendants' attendance at a domestic trade show to promote its allegedly infringing product was not the "type of contact" that could support a finding of personal jurisdiction. ECF No. 33 at 3. The real question before the court was, instead, "whether that contact, *alone*[,] [wa]s sufficient to demonstrate purposeful availment" for purposes of specific personal jurisdiction. *INDAG,* 150 F. Supp. 3d at 965 (emphasis added). The court answered that question in the negative. *Id.* ("[A] single attendance at a trade show is not, *alone,* sufficient to support a prima facie case of personal jurisdiction.") (emphasis added). But that conclusion is not equivalent to concluding that such a contact does not go to a finding of personal jurisdiction at all, which is what Defendant claims the court said. If such a contact were not of the "type of contact" that could support a finding of personal jurisdiction, as Defendant claims, then the court would not have even bothered

this were a correct characterization of the caselaw cited, which it is not, *see supra* note 3, the Court would decline to accede to it at this juncture in the absence of appropriate jurisdictional discovery confirming the scope and extent of this alleged contact, as well as any other relevant contacts, plus appropriate and thorough briefing on the matter.

"Personal jurisdiction can be shown in patent infringement actions when plaintiff shows [that] the defendant purposefully directed the [allegedly] infringing product into the forum state." Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 10-VII (citing *Polar Electro Oy v. Suinto Oy*, 829 F.3d 1343 (Fed. Cir. 2016)). "[A] defendant's placing goods into the stream of commerce 'with the expectation that they will be purchased by consumers in the forum State' may indicate purposeful availment" for purposes of specific personal jurisdiction. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881–82 (2011) (quoting W*orld-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980)). Said otherwise, "a defendant may in an appropriate case be subject to jurisdiction without entering the forum," such as when "manufacturers or distributors 'seek to serve' a given State's market." *Id.* (quoting *World-Wide Volkswagen*, 444 U.S. at 295). The ultimate "question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct." *Id.* at 884. Whether that is the case here is a question for a later day, but the Court declines to preemptively conclude that it necessarily cannot be. The contention that representatives of Defendant purposefully traveled to the United States to meet with

---

asking whether a single instance of such a contact would suffice for personal jurisdiction purposes.

representatives of Home Depot with the intention of selling the allegedly infringing range hoods in the United States is, if true, relevant to the personal jurisdiction analysis under the above caselaw.

Defendant next addresses Plaintiff's contention that it "learned that . . . [Defendant] entered into a supply agreement with" Home Depot in which Defendant agreed to defend and indemnify Home Depot from claims such as those in this suit made in the United States. ECF No. 32 at 4; ECF No. 33 at 3. Even if Defendant had entered into such an agreement, Defendant argues, "these types of indemnification agreements are not sufficient to confer personal jurisdiction." ECF No. 33 at 3 (citing *ClearObject, Inc. v. Paired, Inc.*, No. 1:22-cv-00581-SEB-MKK, 2023 U.S. Dist. LEXIS 24520, at *10 (S.D. Ind. Feb. 10, 2023) ("The fact that the contract is between a state resident and a non-resident does not automatically establish sufficient minimum contacts for personal jurisdiction.")).

The Court is not at this juncture, on the very limited record before it and in the absence of comprehensive briefing, altogether convinced that such an indemnification agreement is irrelevant to the personal jurisdiction analysis. *See Genetic Implant Sys. v. Core-Vent Corp.*, 123 F.3d 1455, 1459 (Fed. Cir. 1997) (finding personal jurisdiction over defendant where defendant agreed to indemnify non-party seller for liability arising from any patent infringement action related to non-party seller's sale of the products and where defendant authorized non-party seller to use defendant's trademarks in marketing and distributing the products); *Lumber Liquidators Leasing, LLC v. Sequoia Floorings,* No. 3:13-CV-313, 2014 U.S. Dist. LEXIS 9094, at *17 (E.D. Va. Jan. 24, 2014) ("Courts in this and other districts have determined that indemnification agreements are sufficient to warrant personal jurisdiction over a nonresident defendant.") (collecting cases);

*Abel v. Montgomery Ward Co.*, 798 F. Supp. 322, 327 (E.D. Va. 1992) (foreign manufacturer's agreement to indemnify domestic retailer "against claims such as those involved in the instant case" sufficient to give foreign manufacturer reason to "anticipate being haled into court" in forum state where domestic retailer sells the products) (quoting *Fed. Ins. Co. v. Lake Shore, Inc.*, 886 F.2d 654, 658 (4th Cir. 1989)); *Joseph v. Apache Stainless Equip. Corp.*, No. 97-1350, 1999 U.S. Dist. LEXIS 7460, at *8–9 (E.D. La. May 11, 1999) (non-resident corporation's agreement to indemnify domestic defendant manufacturer was sufficient to confer personal jurisdiction on the non-resident corporation) ("The Court finds that sufficient minimum contacts have been established on the part of [the non-resident corporation] so as to subject [it] to the personal jurisdiction of this Court . . . . The previous activities of [the non-resident corporation] (*i.e.*, the previous manufacture and distribution of the product at issue), which led [the non-resident corporation] to bear the risks assumed in the indemnification agreement, are the essence of this cause of action . . . . [The non-resident corporation] could have reasonably anticipated being haled into court in Louisiana after having executed the indemnification agreement. [It] knew that [it] . . . had made products for which [it] agreed to remain personally liable (within limits).").

In sum, Plaintiff has sufficiently demonstrated that "the factual record is at least ambiguous or unclear on the jurisdictional issue." *Sydmark*, 2022 U.S. Dist. LEXIS 72496, at *12 (quoting *CoVantage*, 2021 U.S. Dist. LEXIS 207049, at *14). Accordingly, limited jurisdictional discovery is appropriate.

Plaintiff specifically seeks compelled responses to Interrogatory Nos. 1, 4, and 7 (*see* ECF No. 32-1) and Production Request Nos. 7, 10, 12–15, 18–19, 36–39, 43, 45–50, 52, and 58 (*see* ECF No. 32-2). ECF No. 32 at 4.

The Court has reviewed these discovery requests and will order that Defendant appropriately respond to each of them on or before **March 22, 2024**, except for Interrogatory No. 1 and Production Request Nos. 10, 12, 15, 43, and 46, which the Court either considers unnecessarily duplicative or does not believe sufficiently go to the personal jurisdiction issue at hand, and which Defendant is not, therefore, compelled by this Order to address. Additionally, the Court revises Production Request Nos. 36, 37, 38, 39, 50, and 58 as follows to conform with the purposes of this Order:

### Request for Production No 36:

All documents and things relating to Your role, and the role of any other Person, in the design, development, manufacture, sale, offer for sale, importation, installation, maintenance, repair, warranty, instructions for use, or customer or other support, of Your range hood products, including the Accused products, *in the United States.*

### Request for Production No. 37:

All documents and things concerning business plans, marketing plans, sales or market projections, market analyses, market share projections, pricing plans, pricing analyses, sales plans, or projections for the sale of any range hood products, including the Accused Products, *in the United States.*

### Request for Production No. 38:

All documents and things concerning marketing analyses, market share, and market projections for the Accused Products *in the United States.*

### Request for Production No. 39:

All documents relating to the consumer comments, complaints, feedback, or any consumer surveys, related to the Accused Products, *in/from the United States.*

. . . .

### Request for Production No. 50:

All documents relating to the advertising or promotion *in the United States* of any Accused Product, including any

advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

. . . .

**Request for Production No. 58:**

All user manuals, instruction manuals, owner's guides, promotional and/or marketing materials, and/or other materials provided to, or available to, buyers, distributors, and/or users of the Accused Products *in the United States.*

ECF No. 32-2 at 13–14, 16, 17 (emphases added to signify revision).

Accordingly,

**IT IS ORDERED** that Plaintiff Broan-NuTone LLC's motion to compel jurisdictional discovery, ECF No. 32, be and the same is hereby **GRANTED in part and DENIED in part** as discussed herein;

**IT IS FURTHER ORDERED** that Defendant Conglom Hong Kong Limited be and the same is hereby ordered to **RESPOND** as appropriate to Interrogatory Nos. 4 and 7 (*see* ECF No. 32-1) and Production Request Nos. 7, 13–14, 18–19, 36–39, 45, 47–50, 52, and 58 (*See* ECF No. 32-2) as discussed herein and as revised, on or before **March 22, 2024**; and

**IT IS FURTHER ORDERED** that briefing on Defendant's motion to dismiss, ECF No. 23, be and the same is hereby **STAYED** pending completion of the discovery discussed herein. The parties are to notify the Court by joint filing upon completion of the discovery discussed herein.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge