IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| BROAN-NUTONE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CONGLOM HONG KONG LIMITED, THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.,<br><br>    Defendants. | Case No. 2:23-cv-00393<br><br>Jury Trial Demanded |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff Broan-NuTone LLC ("Broan") files its First Amended Complaint for patent infringement against Defendant Conglom Hong Kong Limited ("Conglom"), and Defendants The Home Depot, Inc., and Home Depot U.S.A., Inc. (collectively, "Home Depot") and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement of U.S. Patent Nos. 10,539,329 ("the '329 patent," attached as Exhibit A) and 11,519,611 ("the '611 patent," attached as Exhibit B) (collectively, the "Asserted Patents"), arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

2. Defendants have directly and/or indirectly infringed (and continue to infringe) the Asserted Patents at least by using, selling, offering for sale, and importing into the United States range hoods that infringe one or more claims of each of the Asserted Patents.

3. Broan is the legal owner by assignment of the entire right, title, and interest in and to the Asserted Patents, which were duly and legally issued by the United States Patent and Trademark Office. Broan seeks monetary damages and injunctive relief to address Defendants' past and ongoing infringement of its valuable patent portfolio.

## PARTIES

### Plaintiff Broan-NuTone LLC

4. Plaintiff Broan-NuTone LLC is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business within this judicial district at 926 W. State Street, Hartford, Wisconsin 53027.

5. Nearly a century ago, in Hartford, Wisconsin, Broan opened for business with a single product focused on providing quiet, efficient kitchen ventilation. Since then Broan has continued to innovate ventilation products that make customers' lives easier and their homes healthier and safer. Broan has thrived, expanding into North America's leading manufacturer and distributor of residential ventilation products, including range hoods. Still headquartered and manufacturing in Hartford, Wisconsin, Broan remains committed to improving the lives of past, present, and future customers through bringing fresh air into their homes.

6. The kitchen is a primary source of poor indoor air quality. Excessive moisture, smoke, and air-borne particulates quickly infiltrate every room in your home. Indoor air can be up to 100 times more polluted than outside air, which means adequate ventilation is critical to a more comfortable and healthier environment. Clean indoor air starts in the kitchen, and the best way to ensure that your home's air stays safe and clean is with a quality range hood, like the innovative range hoods designed by Broan.

7. In addition to providing best-in-class air filtration, Broan also innovates its products by making them easy to use. Broan's unique, easy install system brackets empower a single person to install Broan's range hoods in less than half the time of traditional methods. The patented bracket system supports the hood during installation, permitting a single installer to make final electrical and ducting preparations, whereas a traditional range hood typically requires a second installer to hold the unit while it is affixed in place. Broan's innovative range hoods have revolutionized the range hood marketplace.

8. Broan distributes and sells its products, including its innovative range hoods, at least through various retailers in the United States, including Home Depot. Broan and other product manufacturers compete for product placement in retailers such as Home Depot, which often allot limited shelf space and/or number of different options for a particular type of product.

**Defendants**

9. On information and belief, The Home Depot, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia 30339.

10. On information and belief, Home Depot U.S.A., Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia 30339.

11. Defendants Home Depot, Inc. and Home Depot U.S.A., Inc. offer to sell, sell, and use in the United States, and encourage and induce their U.S. customers to use, range hoods manufactured by Conglom that infringe the Asserted Patents, including but not limited to Vissani branded range hoods with model nos. QR254S, QR272S, QR272BS, and QR372S (collectively, the "Accused Products").

12. On information and belief, Conglom is a foreign Hong Kong company existing under Hong Kong law and having its principal place of business at Rm H 15/F King Palace Plz 55, King Yip Street, Kwun Tong, Hong Kong, SAR.

13. On information and belief, Conglom is a manufacturing company located in Hong Kong with the majority of its products being sold, through various distribution channels, in the United States.

14. Conglom makes and uses, offers to sell, sells and imports in and into the United States, range hoods that infringe the Asserted Patents, including but not limited to the Accused Products.

## JURISDICTION AND VENUE

15. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

16. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. Venue is proper in this District over the Defendants based upon 28 U.S.C. §§ 1391(c)(3) and 1400(b).

### Conglom

18. This Court has personal jurisdiction over Defendant Conglom under Federal Rule of Civil Procedure 4(k)(1) and Wis. Stat. § 801.05(4) at least because Conglom purposefully directs its infringing activities to the United States and Wisconsin through an established distribution channel (including but not limited to Home Depot) and products manufactured by Conglom are used within Wisconsin in the ordinary course of trade, causing irreparable harm to Broan, a Wisconsin-based corporation.

19. Alternatively, if not deemed to be subject to jurisdiction in this or any other state's court of general jurisdiction, Defendant Conglom is subject to personal jurisdiction in this District under Federal Rule of Civil Procedure 4(k)(2) because the exercise of such jurisdiction is consistent with the United States Constitution and laws.

20. On information and belief, in or around December 2018, agents and/or representatives of Conglom travelled to Atlanta, Georgia and met with Home Depot and offered to sell and sold to Home Depot Conglom products, including the products accused of infringement. Conglom imported one or more of the Accused Products into the United States and used them in an infringing manner in demonstrations to Home Depot.

21. On information and belief, in or around December 2021, agents and/or representatives of Conglom again travelled to Atlanta, Georgia and met with Home Depot and offered to sell and sold to Home Depot Conglom products, including the products accused of infringement. Conglom imported one or more of the Accused Products into the United States and used them in an infringing manner in demonstrations to Home Depot.

22. On information and belief, in or around December 2021, Conglom entered into a supply agreement with Home Depot with respect to at least the Accused Products (the "Supply Agreement") negotiated in whole or in part in the United States and with representatives of Home Depot who were, throughout the course of those negotiations, located in the United States. Pursuant to that agreement, Conglom offered to sell and did sell the Accused Products to Home Depot in the United States, intending for their distribution and sale to consumers in the United States via Home Depot.

23. On information and belief, in the Supply Agreement, Conglom further agreed to defend, indemnify and hold Home Depot harmless from claims made in U.S. District Courts that the offer, sale and/or use of Conglom's products infringed U.S. patents.

24. Conglom specifically designed the Accused Products to be marketed and sold in the United States and to comply with U.S. laws and regulations. For example, Conglom includes a notice in the sealed packaging of Accused Products imported into the United States that announces the product's compliance with Part 15 of the FCC Rules. Conglom similarly includes written instructions in the Accused Products' packaging, written in English, that direct installers and other users to adhere to regulations promulgated by U.S. organizations NFPA and ASHRAE. Conglom designed the products to be used with electrical systems and fittings for use in the United States.

25. Conglom also includes written instructions in the Accused Products' sealed packaging that direct end-users and customers in the United States to contact Conglom's agents and/or representatives for service and part replacement at vissani@conglom.com. Conglom has responded to such customer requests by, among other things, shipping or causing to be shipped into the United States, replacement parts constituting material parts of the inventions claimed in the Asserted Patents, that are especially made/adapted for an infringing use, and which are not a staple or commodity suitable for substantial non-infringing use. For example, on or around February 12, 2024, Conglom shipped or caused to be shipped into the United States a replacement mounting bracket for an Accused Product in response to service request sent from the United States in accordance with Conglom's instructions.

26. Conglom affixes the U.S. trademark "Vissani" to the Accused Products that it manufactures. The U.S. trademark "Vissani" is owned by Home Depot and, on information and

belief, Conglom has negotiated a license to be permitted to apply this trademark to the Accused Products for purposes of sale and distribution in the United States.

27. Additionally, Conglom initiated contact with Broan's representatives in the United States with respect to the Asserted Patents. On November 9, 2021, Conglom's counsel directed correspondence to Broan's counsel in the United States with respect to the Asserted Patents. Subsequently, on May 2, 2022, counsel for Conglom directed correspondence to Broan's counsel in the United States, proposing to license the Asserted Patents.

28. Venue is proper in this District over Conglom, a foreign entity who asserts it does not reside in the United States, based upon 28 U.S.C. §§ 1391(c)(3).

## Home Depot

29. This Court has personal jurisdiction over Home Depot under Federal Rule of Civil Procedure 4(k)(1) and Wis. Stat. §§ 801.05(1)(d), 801.05(3)-(4) (the "Wisconsin Long Arm Statute") due to at least to: (i) Home Depot's substantial and not isolated activities within this state; (ii) at least a portion of the infringements alleged herein; and (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Wisconsin and this District.

30. Home Depot has sold, and continues to sell, at least the Vissani range hoods with model nos. QR254S, QR272S, QR272BS, and QR372S, including in store locations in this District.

31. For example, the www.homedepot.com website identifies the QR254S and QR272S range hoods as available for purchase and in-store pick up at the Southeast Milwaukee location of The Home Depot, located at 150 West Holt Avenue, Milwaukee, WI 53207. As another example, the www.homedepot.com website identifies the QR254S and QR272S range

hoods as available for purchase and in store pick up at the Menomonee Falls location of The Home Depot, located at N94 W 18375, Menomonee Falls, WI 53051. As another example, the www.homedepot.com website identifies the QR254S and QR272S range hoods as available for purchase and in store pick up at the North Shore location of The Home Depot, located at 4155 N Port Washington Rd, Milwaukee, WI 53212. The www.homedepot.com website further identifies the QR272BS range hood as available for purchase and in-store pick up at the Lake Geneva location of The Home Depot, located at 550 N Edwards Blvd, Lake Geneva, WI 53147. The www.homedepot.com website further identifies the QR372S range hood as available for purchase and in-store pick up at the Grafton location of The Home Depot, located at 1350 Port Washington Rd, Grafton, WI 53024.

32. Venue is proper in this District with respect to the allegations against the Home Depot under 28 U.S.C. § 1400(b). Home Depot has committed acts of infringement and has multiple regular and established places of business in this District.

33. Defendants are properly joined in this action pursuant to 35 U.S.C. §299(a) because the right to relief asserted herein is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and questions of fact common to all defendants will arise in the action.

## BACKGROUND

34. Broan is the owner of the '329 patent entitled "Range Hood Installation System" that issued on January 21, 2020.

35. Broan is the owner of the '611 patent entitled "Range Hood Installation System" that issued on December 6, 2022.

36. The '329 and '611 patents relate, in general, to range hood products and methods for installing range hood products with a mounting plate that facilitates easy installation.

37. Prior to the Broan inventions claimed in the Asserted Patents, proper installation of under kitchen cabinet range hoods generally necessitated at least two installers. This greatly increased the cost and complexity of such an installation. Broan's innovations, reflected in the Asserted Patents, enable a single installer to safely, easily, efficiently and effectively install such range hoods, greatly reducing the cost, complexity and speed with which such range hoods could be installed.

38. Before Conglom began the manufacture and sale of the Accused Products, it met with representatives of Broan. At that meeting, Broan discussed with Conglom the possibility of employing Conglom to manufacture certain of Broan's products or component pieces. At that time, Broan shared with Conglom detailed design information concerning its patented "easy installation" technology. Ultimately, the parties elected not to enter into a relationship for the production of products. Conglom thereafter, in violation of Broan's patent rights, copied Broan's patented easy installation technology and began the manufacture and sale of its own, competing Accused Products.

39. On October 22, 2021, Broan sent a letter to MC Appliance Corporation of Wood Dale, IL ("MC Appliance"), placing MC Appliance on notice that the Accused Products infringe at least the '329 patent ("Broan Letter").

40. On or about November 9, 2021, counsel for Conglom initiated contact with Broan's counsel, noting that his earlier letter to MC Appliance had been forwarded to him (the "Conglom Letter").

41. Conglom's infringement of the '329 patent was subsequently discussed in a series of letter, email and telephone communications between Broan and Conglom.

42. Conglom has had actual knowledge of the '329 patent and Broan's infringement positions at least since its receipt of the Broan Letter.

43. Further, Conglom has been aware of the '329 patent and the '611 patent and of Broan's infringement positions with respect to said patents since at least receipt of Broan's March 30, 2023 e-mail to Conglom, requesting waiver of service and attaching the Complaint and filing confirmation, and in any event, no later than April 6, 2023, when Conglom responded to Broan's e-mail.

44. Upon information and belief, Conglom has engaged and will continue to engage in the inducement of, and use, offer for sale, sale, marketing, distribution, and/or importation of ventilation fan products that infringe one or more claims of the '329 patent and the '611 patent.

45. On April 28, 2023, Broan sent an e-mail to Home Depot, placing Home Depot on notice that the Accused Products infringe at least the '329 patent and the '611 patent (the "Broan E-mail"). As such, Home Depot has had actual knowledge of the Asserted Patents and Broan's infringement positions with respect to said patents since at least April 28, 2023.

46. On information and belief, Home Depot has engaged and will continue to engage in the inducement of, and use, offer for sale, sale, marketing, and distribution of ventilation fan products that infringe one or more claims of the '329 patent and the '611 patent.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 10,539,329

47. Broan realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

48. Broan is the owner of 100% interest in the '329 patent.

49. The '329 patent is valid and enforceable.

50. Conglom has had actual knowledge of the '329 patent since at least November 9, 2021.

51. Home Depot has had actual knowledge of the '329 patent since at least April 28, 2023.

52. Defendants have had actual knowledge of the '329 patent no later than the service of the Complaint.

### Direct Infringement by Defendants

53. Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '329 patent, including at least claims 1 and 15, by importing, selling, offering for sale, and/or using the Accused Products in the United States, including this District. Exhibit C illustrates the particularities of Defendants' infringement of at least claims 1 and 15 of the '329 patent, including the provision and use of a particular installation bracket by the Accused Products.

### Induced Infringement by Defendants

54. Since at least Conglom's receipt of the Broan Letter, and no later than November 9, 2021, Conglom knew of the '329 patent and knew that the Accused Products infringe at least claims 1 and 15 of the '329 patent when sold and/or offered for sale to Home Depot and other

resellers, when imported into the United States, when sold or offered for sale by Home Depot or other resellers, and when used by customers or other users.

55. Since at least Conglom's receipt of the Broan Letter, and no later than November 9, 2021, Conglom has induced infringement and continues to induce infringement of the '329 patent by actively encouraging resellers such as Home Depot to directly infringe at least claims 1 and 15 of the '329 patent by introducing the Accused Products into an established distribution channel, and actively encouraging downstream sales and offers for sale of the Accused Products.

56. Since at least Conglom's receipt of the Broan Letter, and no later than November 9, 2021, Conglom has induced infringement and continues to induce infringement of the '329 patent by actively encouraging customers or other users to directly infringe at least claims 1 and 15 of the '329 patent. For example, Conglom provides the installation manual included in the Accused Products, which induces and instructs customers or other users to use the Accused Products in a manner that infringes at least claims 1 and 15 of the '329 patent. Similarly, product packaging and marketing materials for the Accused Products tout the benefits provided by the installation bracket, including that the Accused Products feature "1 Person Install" or "1 person installation brackets for fast and easy setup".

57. As a consequence of Conglom's acts as alleged, Home Depot and U.S. consumers who have purchased the Accused Products have directly infringed at least one claim of the '329 patent.

58. Since at least April 28, 2023, Home Depot has induced infringement and continues to induce infringement of the '329 patent by actively encouraging customers or other users to directly infringe at least claims 1 and 15 of the '329 patent. For example, Home Depot's website, https:www.homedepot.com, provides the manuals, product documentation, and

advertising materials that induce customers or other users to use the Accused Products in a manner that infringes at least claims 1 and 15 of the '329 patent. Similarly, product packaging and marketing materials for the Accused Products tout the benefits provided by the installation bracket, including that the Accused Products feature "1 Person Install" or "1 person installation brackets for fast and easy setup".

59. Defendants have taken active steps, directly or through contractual relationships with others, with the specific intent to cause others to use the Accused Products in a manner that infringes one or more claims of the '329 patent, including, for example, claims 1 and 15. Such steps by Defendants have included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; and/or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendants have been aware that the normal and customary use of the Accused Products by others would infringe the '329 patent, including at least because installation of the Accused Products infringes the '329 patent. Defendants' inducement is ongoing.

60. As a consequence of Home Depot's acts as alleged, U.S. consumers who have purchased the Accused Products from Home Depot have directly infringed at least one claim of the '329 patent.

### Contributory Infringement by Conglom

61. Conglom includes written instructions in the Accused Products' sealed packaging through which it directs end-users and customers in the United States to contact Conglom's agents and/or representatives for service and part replacement at vissani@conglom.com.

62. Conglom has responded to such customer requests by, among other things, shipping or causing to be shipped into the United States, replacement parts constituting material parts of the inventions claimed in the Asserted Patents, that are especially made/adapted for an infringing use, and which are not a staple or commodity suitable for substantial non-infringing use.

63. As a consequence of Conglom's acts as alleged, U.S. consumers who have requested and received such replacement parts have directly infringed at least one claim of the '329 patent by using the Accused Products.

64. On information and belief, Defendants will continue to infringe the '329 patent unless and until enjoined by this Court.

65. Defendants' acts of infringement have been, are and will continue to be undertaken with knowledge of the '329 patent and with knowledge of Broan's infringement allegations with respect to the '329 patent. Accordingly, such acts constitute willful infringement of the '329 patent and entitle Broan to enhanced damages and reasonable attorneys' fees.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 11,519,611

66. Broan realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

67. Broan is the owner of 100% interest in the '611 patent.

68. The '611 patent is valid and enforceable.

69. Conglom has had actual knowledge of the '611 patent since at least March 30, 2023.

70. Home Depot has had actual knowledge of the '611 patent since at least April 28, 2023.

71. Defendants have had actual knowledge of the '611 patent no later than the service of the Complaint.

### Direct Infringement by Defendants

72. Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '611 patent, including at least claim 1, by importing, selling, offering for sale, and/or using the Accused Products in the United States, including this District. Exhibit D illustrates the particularities of Defendants' infringement of at least claim 1 of the '611 patent, including the provision and use of a particular installation bracket by the Accused Products.

### Induced Infringement by Defendants

73. Since at least Conglom's receipt of the Broan E-mail sent on March 30, 2023, and no later than April 6, 2023, Conglom knew of the '611 patent and knew that the Accused Products infringe at least claim 1 of the '611 patent when sold and/or offered for sale to Home Depot and other resellers, when imported into the United States, when sold or offered for sale by Home Depot or other resellers, and when used by customers or other users.

74. Since at least Conglom's receipt of the Broan E-mail sent on March 30, 2023, and no later than April 6, 2023, Conglom has induced infringement and continues to induce infringement of the '611 patent by actively encouraging resellers such as Home Depot to directly infringe at least claim 1 of the '611 patent by introducing the Accused Products into an established distribution channel, and actively encouraging downstream sales and offers for sale of the Accused Products.

75. Since at least Conglom's receipt of the Broan E-mail sent on March 30, 2023, and no later than April 6, 2023, Conglom has induced infringement and continues to induce infringement of the '611 patent by actively encouraging customers or other users to directly infringe at least claim 1 of the '611 patent. For example, Conglom provides the installation manual included in the Accused Products, which induces and instructs customers or other users to use the Accused Products in a manner that infringes at least claim 1 of the '611 patent. Similarly, product packaging and marketing materials for the Accused Products tout the benefits provided by the installation bracket, including that the Accused Products feature "1 Person Install" or "1 person installation brackets for fast and easy setup". Conglom includes written instructions in the Accused Products packaging that are in English and direct installers and other users to adhere to regulations promulgated by U.S. organizations NFPA and ASHRAE. Conglom also includes a notice in the Accused Products packaging that announces the product's compliance with Part 15 of the FCC Rules.

76. As a consequence of Conglom's acts as alleged, Home Depot and U.S. consumers who have purchased the Accused Products have directly infringed at least one claim of the '611 Patent.

77. Since at least April 28, 2023, Home Depot has induced infringement and continues to induce infringement of the '611 patent by actively encouraging customers or other users to directly infringe at least claim 1 of the '611 patent. For example, Home Depot's website, https:www.homedepot.com, provides manuals, product documentation, and advertising materials that induce customers or other users to use the Accused Products in a manner that infringes at least claim 1 of the '611 patent. Similarly, product packaging and marketing materials for the Accused Products tout the benefits provided by the installation bracket, including that the

Accused Products feature "1 Person Install" or "1 person installation brackets for fast and easy setup."

78. As a consequence of Home Depot's acts as alleged, U.S. consumers who have purchased the Accused Products from Home Depot have directly infringed at least one claim of the '611 Patent.

79. Defendants have taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '611 patent, including, for example, claim 1. Such steps by Defendants have included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; and/or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendants have been aware that the normal and customary use of the Accused Products by others would infringe the '611 patent. Defendants' inducement is ongoing.

## Contributory Infringement by Conglom

80. Conglom includes written instructions in the Accused Products' sealed packaging through which it directs end-users and customers in the United States to contact Conglom's agents and/or representatives for service and part replacement at vissani@conglom.com.

81. Conglom has responded to such customer requests by, among other things, shipping or causing to be shipped into the United States, replacement parts constituting material parts of the inventions claimed in the Asserted Patents, that are especially made/adapted for an infringing use, and which are not a staple or commodity suitable for substantial non-infringing use.

82. As a consequence of Conglom's acts as alleged, U.S. consumers who have requested and received such replacement parts have directly infringed at least one claim of the '611 Patent by making and using the Accused Products.

83. On information and belief, Defendants will continue to infringe the '611 patent unless and until enjoined by this Court.

84. Defendants' acts of infringement have been, are and will continue to be undertaken with knowledge of the '611 patent and with knowledge of Broan's infringement allegations with respect to the '611 patent. Accordingly, such acts constitute willful infringement of the '611 patent and entitle Broan to enhanced damages and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

85. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Broan hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Broan requests the following relief:

(a) An entry of judgment that Defendants, their officers, agents, servants, employees and attorneys be found to have directly and indirectly infringed, either literally or under the doctrine of equivalents, one or more claims of the '329 patent and the '611 patent;

(b) An order enjoining Defendants, their officers, agents, servants, employees and attorneys from making, using, selling, offering for sale, or importing into the United States, or inducing others to do so on their behalf, products which infringe any claims of the '329 patent and the '611 patent;

(c) An award of damages adequate to compensate Broan for Defendants' infringement of the '329 patent and the '611 patent;

(d) A trebling of any damages award pursuant to 35 U.S.C. § 284, including due to Defendants' willful infringement of the '329 patent and the '611 patent;

(e) Finding this to be an exceptional case and awarding Broan its attorneys' fees and costs under 35 U.S.C. § 285 as a result of Defendants' willful infringement of the '329 patent and the '611 patent;

(f) Such other and further relief as the Court deems Broan may be entitled to in law and equity.

Dated: March 1, 2024

Respectfully submitted,

By: /s/ *Thomas L. Duston*
Thomas L. Duston
Raymond R. Ricordati III
Chelsea M. Murray
Isaku Begert
MARSHALL, GERSTEIN & BORUN LLP
233 S. Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606
(312) 474-6300
tduston@marshallip.com
rricordati@marshallip.com
cmurray@marshallip.com
ibegert@marshallip.com

*Counsel for Plaintiff Broan-NuTone LLC*