UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BROAN-NUTONE LLC, | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil Action No. 2:23-cv-00393-JPS ) |
| CONGLOM HONG KONG LIMITED | ) ) |
| Defendant. | ) ) ) |

**AGREED JURY INSTRUCTIONS IN SUPPORT OF CONGLOM HONG KONG LIMITED'S MOTION TO DISIMSS**

**JOINT PROPOSAL**

The Parties and the Nature of the Case

This is a patent case. It involves U.S. Patent Nos. 10,539,329 and 11,519,611. Patents are often referred to by their last three digits. I will call the patents in this case the '329 and '611 patents.

The '329 and '611 patents relate, in general, to range hood products and methods for installing range hood products. During the trial, the parties will offer testimony to familiarize you with this technology.

Plaintiff contends that Defendant infringed and continues to infringe the '329 and '611 patents. Plaintiff contends that it is entitled to recover damages caused by that infringement. Plaintiff also contends that Defendant's infringement was willful.

Infringement; Burden of Proof

Plaintiff contends that Defendant infringes and has infringed the '329 and '611 patents. Defendant denies these contentions. Plaintiff is required to prove infringement by a preponderance of the evidence. This means that Plaintiff must persuade you that its infringement contentions are more probably true than not true. When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Direct Infringement

To establish direct infringement, Plaintiff must prove that every requirement in the particular claim of Plaintiff's patent that you are considering is found in Defendant's product. A requirement of a claim is found in Defendant's product if the requirement is in the product exactly as it is in the claim or if the requirement is in the product in a manner that is equivalent to what is in the claim. A part of Defendant's product is equivalent to a claim requirement if it performs substantially the same function, in substantially the same way, to reach substantially the same result. In my instructions at the end of the case, I will explain in more detail how you make this determination.

Indirect Infringement

To succeed on a contention that Defendant induced infringement the '329 and '611 patents, Plaintiff must prove that Defendant knew of Plaintiff's patents, acted, encouraged, or instructed its customers to use a product in a manner that infringed Plaintiff's patents, and knew or should have known that its acts would cause infringement of Plaintiff's patents.

To succeed on a contention that Defendant contributed to the infringement of the '329 and '611 patents, Plaintiff must prove that Defendant knew of Plaintiff's patents, sold a component that forms a significant part of the patented invention and that is not a commonly available item with other uses. Plaintiff must also prove that another person infringed Plaintiff's patents by using this component and that Defendant knew the component was especially made for a use that would infringe Plaintiff's patents.

Direct Infringement – Elements

To succeed on this contention, Plaintiff must prove the following by a preponderance of the evidence:

1. Every requirement in the claim of Plaintiff's patents that you are considering is found in Defendant's product; and

2. Defendant used, sold, offered for sale, or imported that product into the United States.

Infringement – Doctrine of Equivalents

A part of Defendant's product is equivalent to a claim requirement if a person of ordinary skill in the field of the invention would regard any differences between them as insubstantial.

A part; step is also equivalent to a claim requirement if it performs substantially the same function, in substantially the same way, to reach substantially the same result.

One factor you may consider in making the determination of equivalence is whether a person of ordinary skill in the field of the invention would have regarded Defendant's part to be interchangeable with the claim requirement.

In determining infringement by equivalence, you must still use the meanings for the claim requirements that I have provided.

3

Indirect Infringement – Inducement

To succeed on this contention, Plaintiff must prove the following by a preponderance of the evidence:

1. Defendant knew of Plaintiff's patents.

2. Defendant acted, encouraged, instructed, induced, or caused its customers to use a product in a manner that directly infringed Plaintiff's patents, as defined in other instructions that I have given you.

3. Defendant knew or should have known that its acts would cause its customers to infringe Plaintiff's patents.

4. That other person directly infringed the patent.

Indirect Infringement – Contributory Infringement

To succeed on this contention, Plaintiff must prove the following by a preponderance of the evidence:

1. Defendant knew of Plaintiff's patent.

2. Defendant sold or supplied a component that forms a significant part of the invention described in a claim in Plaintiff's patent.

3. A third-party infringed Plaintiff's patent by using this component.

4. Defendant knew the component was specially made or adapted for a use that would infringe Plaintiff's patent.

5. The component was not a commonly available item or a product with substantial noninfringing uses.

Dated: March 29, 2024

By: */s/*Brian D. O'Reilly

Christopher R. Liro (Wis. Bar No. 1089843)
chris.liro@andruslaw.com
Aaron T. Olejniczak (Wis. Bar No. 1034997)
aarono@andruslaw.com
litigation@andruslaw.com
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Telephone: (414) 271-7590

Brian D. O'Reilly
O'Reilly IP PLLC
26 Broadway, 8th Floor
New York, NY 10004
Telephone: (212) 540-0650
Brian@oreillyip.com

***Attorneys for Defendant Conglom Hong Kong Limited***