# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BROAN-NUTONE LLC,

                    Plaintiff,

v.

CONGLOM HONG KONG LIMITED,

                    Defendant.

Case No. 23-CV-393-JPS

**ORDER**

Plaintiff Broan-NuTone LLC ("Plaintiff") sues Defendants Conglom Hong Kong Limited ("Conglom"), The Home Depot, Inc., and Home Depot U.S.A., Inc. for patent infringement. ECF No. 37 at 1. Plaintiff now moves under Rule 37 of the Federal Rules of Civil Procedure to compel Conglom to respond to Plaintiff's discovery requests. ECF No. 64 at 2.

The relevant procedural background is as follows. Plaintiff served discovery on Conglom on January 23, 2024, rendering Conglom's responses due February 22, 2024. *Id.* (citing Fed. R. Civ. P. 33(b)(2) and Fed. R. Civ. P. 34(b)(2)(A)). On February 22, 2024, Conglom objected to the discovery on the basis that "discovery should be delayed until after a ruling on its [then-pending] motion to dismiss." *Id.* On March 1, 2024, the Court granted in part and denied in part Plaintiff's expedited motion to compel, ECF No. 32, and mandated Conglom to respond to certain jurisdiction-related discovery requests. ECF No. 36 at 10. Later that month, Conglom complied with the Court's order. *See* ECF No. 64 at 2.

On May 9, 2024, Plaintiff complained to Conglom regarding Conglom's refusal to provide substantive responses to Plaintiff's discovery

requests. *Id.* Conglom responded that it would not provide discovery until "after the Court decides the motion to dismiss, when the Court enters a schedule delineating the time to do so." *Id.* at 3. Conglom reiterated that refusal later that month. *Id.*

On July 15, 2024, the Court denied Conglom's motion to dismiss. ECF No. 57. The Court also concurrently entered an abbreviated scheduling order which noted that "[u]nless otherwise specified, the parties should follow the standard deadlines as set by the Federal Rules of Civil Procedure and the local rules." ECF No. 58 at 1.

On July 19, 2024, Plaintiff again followed up with Conglom regarding the outstanding discovery. ECF No. 64 at 3. Conglom responded that it would provide the requested discovery by August 14, 2024. *Id.* Plaintiff represents that Conglom failed to provide the discovery on that date, stating instead that "it would provide this information at some unspecified future date following further negotiations concerning a schedule." *Id.* Conglom asserts that this is "a critical misrepresentation" and that it "served amended responses . . . on August 14, 2024," which Plaintiff fails to acknowledge. ECF No. 65 at 1 (citing ECF Nos. 65-1 and 65-2).

Plaintiff further represents that on August 23, 2024, the parties met and conferred regarding the discovery dispute and that Conglom at that time agreed that it would provide the requested discovery, including producing documents and things responsive to Plaintiff's requests for production numbers 3, 16, 30, 32, and 37 ("RFPs") and Plaintiff's Interrogatories Nos. 2 and 3 ("ROGs"). ECF No. 64 at 3–4. Despite having so agreed, Plaintiff represents that Conglom "has not produced any additional documents or things, has not provided responses to [Plaintiff's] contention interrogatories (ROGs Nos. 2 and 3), and has refused to provide

a date certain by which [Conglom] will produce" such responses and materials. *Id.* at 4. Plaintiff accordingly seeks the Court to compel Conglom to provide "full and complete responses to . . . Interrogatories Nos. 2–3" and to "produce documents responsive to [RFPs] Nos. 1–6, 8–12, 15–17, 20–35, 40–44, 46, 51, and 53–57." *Id.*

In response, Conglom points out that it did, in fact, serve amended responses to Plaintiff on August 14, 2024; that it has, to date, produced over 40,000 pages of documents in response to Plaintiff's document requests; that Conglom's counsel is currently finishing its review for responsive documents and intends to further produce responsive documents in the coming weeks; that it is currently working with its expert to develop further argument and will update its responses accordingly; and that it is, in fact, Plaintiff that has not produced any documents in the case and has failed to respond to Conglom's October 7, 2024 inquiry regarding the status of its production. ECF No. 65 at 1–2. Conglom has not, however, moved to compel, and "one party's noncompliance with discovery requirements does not excuse the other's failure to comply." *Gropper v. David Ellis Real Estate, L.P.*, No. 13 Civ. 2068 (ALC) (JCF), 2014 U.S. Dist. LEXIS 16849, at *8 (S.D.N.Y. Feb. 10, 2014).

"A party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure where another party fails to respond to a discovery request or where the party's response is evasive or incomplete." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449 (N.D. Ill. 2006) (citing Fed. R. Civ. P. 37(a)(2)–(3)). "The burden rests upon the objecting party to show why a particular discover request is improper." *Id.* at 450 (citing *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004)). "District courts have broad discretion in matters relating to

discovery," and "there is a strong public policy in favor of disclosure of relevant materials . . . ." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chi. Trib. Co.*, 267 F.3d 628, 646–47 (7th Cir. 2001) and *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

As an initial matter, Conglom does not argue in opposition to the motion to compel that Interrogatories 2 and 3 and RFPs 1–6, 8–12, 15–17, 20–35, 40–44, 46, 51, and 53–57 seek to uncover irrelevant information or are otherwise improper. *See Kodish*, 235 F.R.D. at 449 (citing *Rubin*, 349 F. Supp. 2d at 1111). As the party "opposing [the] motion to compel," Conglom "has the burden to show [that] the discovery requests are improper and to explain *precisely* why its objections or responses are proper given the broad and liberal construction of the federal discovery rules." *Hall v. Menard, Inc.*, No. 1:21-cv-02932-TWP-MG, 2023 U.S. Dist. LEXIS 128857, at *4 (S.D. Ind. July 25, 2023) (citing *Bell v. Pension Comm. of ATH Holding Co., LLC*, 330 F.R.D. 517, 520 (S.D. Ind. 2018) and *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009)). Conglom has not attempted to meet that burden in its opposition, apparently relying solely on its own assurances that it will complete its discovery obligations "as soon as" it can. ECF No. 65 at 2.

Conglom's responses to Interrogatories 2 and 3—that it will provide the information according to a schedule that the parties apparently cannot agree upon—is insufficient. Nor is Conglom's assurance that it will update its responses to Interrogatories 2 and 3 at some unspecified time "when it completes [its] legal assessment" and when "its legal positions . . . are complete" particularly reassuring. ECF No. 65 at 2.

Similarly, Conglom's opposition to the motion to the extent it relates to the outstanding RFPs is, essentially, that it has already produced many

responsive documents, as well as computer components from China. *Id.* at 1–2. But the fact that Conglom has already produced many responsive documents does not excuse it of its obligation to timely disclose others not yet produced.

Conglom has been aware of these interrogatories and RFPs for approximately nine months, *see* ECF Nos. 64-1 at 9 and 64-2 at 16 (reflecting service of process in January 2024), and over three months have passed since the Court denied Defendants' motions to dismiss and set a dispositive motion deadline in this case, *see* ECF Nos. 57, 58. The Court is not satisfied to merely rely on Conglom's assurance that it is "currently working" on it and will provide appropriate responses and documents to Plaintiff at some unspecified point in the future when it is able to do so. ECF No. 65 at 2. This is a particularly unsatisfactory basis for opposition given the Court's admonition that its protocols are "designed to ensure that each . . . civil case is . . . fully concluded within 12–14 months from the date of filing," ECF No. 6 at 1, and given the fact that much of the delay in this case thus far is attributable to Conglom. *See* ECF No. 7 at 1 (status report noting that Conglom refused to waive service of process and objected to any mechanism of service other than the Hague Convention); ECF No. 14 at 6 (order granting Plaintiff's motion for leave to serve Conglom through alternate means since Plaintiff "'ha[d] attempted to effect service under the Hague Convention' to no avail" (quoting *Parsons v. Shenzen Fest Tech. Co.*, No. 18 CV 08506, 2021 U.S. Dist. LEXIS 35903, at *7–8 (N.D. Ill. Feb. 26, 2021))).

In light of the foregoing, the Court will order Conglom to serve on Plaintiff appropriate, amended responses to Interrogatories 2 and 3 and

appropriate materials as to outstanding RFPs 1–6, 8–12, 15–17, 20–35, 40–44, 46, 51, and 53–57, all within three weeks of this Order.

The Court will also note that it does not as a default matter set discovery deadlines, has never indicated that it would do so, and to the contrary stated explicitly in its scheduling order that "[u]nless otherwise specified, the parties should follow the standard deadlines as set by the Federal Rules of Civil Procedure and the local rules." ECF No. 58 at 1. Accordingly, to the extent that Conglom previously refused to provide any substantive discovery responses on the ground that it was awaiting a "schedule from the Court," such refusal was improper and unfounded. *See* ECF No. 64 at 3.

Accordingly,

**IT IS ORDERED** that Plaintiff Broan-NuTone LLC's expedited motion to compel discovery responses, ECF No. 64, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant Conglom Hong Kong Limited shall, within **three weeks of this Order**, serve on Plaintiff appropriate, amended responses to Interrogatories 2 and 3 and appropriate responsive materials as to outstanding Requests for Production Nos. 1–6, 8–12, 15–17, 20–35, 40–44, 46, 51, and 53–57.

Dated at Milwaukee, Wisconsin, this 23rd day of October, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge