# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BROAN-NUTONE LLC,

                Plaintiff,

v.

CONGLOM HONG KONG LIMITED,

                Defendant.

Case No. 23-CV-393-JPS

**ORDER**

## 1.    INTRODUCTION

In October 2025, the Court granted Defendant Conglom Hong Kong Limited's ("Conglom") motion for summary judgment and dismissed this case. ECF No. 108. Plaintiff Broan-NuTone ("Broan") now moves the Court to reconsider its grant of summary judgment as to Counts One, Two, and Three, as defined *infra* Section 3, and its denial of Conglom's motion for sanctions as moot. ECF No. 118; *see also* ECF No. 136-2 (Broan's opening brief).

There are also a series of additional motions pending. Conglom moves for attorneys' fees. ECF Nos. 111 and 115 (amended motion, based on need to indemnify The Home Depot, a party that was terminated early on in this litigation). Broan moves for leave to file a declaration in support of its reply brief to Conglom's motion for attorneys' fees. ECF No. 165. Broan moves to strike Conglom's reply in support of its motion for attorneys' fees, or in the alternative to permit to file a sur-reply. ECF No. 144. Broan moves for leave to submit documents for in-camera review

related to the briefing on attorneys' fees. ECF No. 148. Broan also moves to seal and restrict certain documents. ECF No. 122, 128, 134, 146, and 154.

For the reasons discussed herein, Broan's motion for reconsideration will be denied and Conglom's motions for attorneys' fees will be denied without prejudice. Broan's motion for leave to file a declaration will be denied as moot, and its motion for leave to submit a document for in-camera review with be denied without prejudice. Broan's motion to seal and its motions to restrict will be granted. Broan's motion to strike or, in the alternative, to permit the filing of a sur-reply will be denied as moot.

## 2. LEGAL STANDARD[1]

Federal Rule of Civil Procedure 59 empowers a court to alter or amend a judgment on a party's motion filed within 28 days of the entry of judgment. FED. R. CIV. P. 59(e). "Appropriate issues for reconsideration 'rarely arise and the motion to reconsider should be equally rare.'" *Price v. Carri Scharf Trucking, Inc.*, No. 19-1162, 2023 WL 5986120, at *2 (C.D. Ill. Sept. 14, 2023) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). They are appropriate in very few contexts, such as where "the movant presents newly discovered evidence that was not available at the time [the judgment was entered], points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments." *Dupar v. Pingel*, No. 21-

---

[1]The Federal Circuit applies "regional circuit law" to procedural issues not "unique to patent law." *Rocky Mountain Tech. Eng'g Co., LLC v. Hutchens Indus., Inc.*, 263 F. App'x 895, 896 (Fed. Cir. 2008) (citing *Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007)). Motions to reconsider are not unique to patent law, *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1373, 1379 (citing *Minton v. Nat'l Ass'n Secs. Dealers, Inc.*, 336 F.3d 1373, 1378 (Fed. Cir. 2003)), so the Court will apply Seventh Circuit law to that issue and elsewhere in this Order, where appropriate.

CV-1058-JPS-JPS, 2023 WL 5939664, at *2 (E.D. Wis. Sept. 12, 2023) (citing *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012)). Motions to reconsider under Rule 59(e) are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Id.* (quoting same); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citing 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)). "A party moving for reconsideration bears a heavy burden and its motion must be supported by a showing of extraordinary circumstances." *Dupar*, 2023 WL 5939664, at *2 (citing *Mahurkar v. C.R. Bard, Inc.*, No. 01 C 8452, 2003 WL 22844237, at *1 (N.D. Ill. Dec. 1, 2003)).

### 3.     ANALYSIS

As the Court noted in its summary judgment decision, Broan's "claims involve U.S. Patent Nos. 10,539,329 . . . (the "'329 patent"), . . . 11,519,611 . . . (the "'611 patent"), and 12,025,316 (the "'316 patent")." ECF No. 108 at 2 (citing ECF No. 69 at 1). Broan alleged that Conglom infringed on "at least claims 1 and 15 of the '329 patent," ("Count One"); "at least claim 1 of the '611 patent," ("Count Two"); and "at least claim 1 of the '316 patent," ("Count Three")." *Id.* at 5 (internal citations omitted).

The Court's claim construction analysis as to Claim 1 of the '329 patent resulted in a finding of non-infringement. *Id.* at 108 at 15–24; *see also id.* at 25 n.23 (noting that Broan forfeited its infringement arguments as to claim 15 of the '329 patent). As to all Counts, the Court concluded that Broan failed to "come forward with appropriate evidence demonstrating that there is a pending dispute of material fact" to survive summary judgment, because Broan failed to make even a prima facie showing of authenticity as

to the products said to infringe, namely model numbers QR254S, QR272S, QR272BS, and QR372 (the "Accused Products"). *Id.* at 26 (quoting *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994) (emphasis omitted).

Now before the Court is Broan's motion to reconsider. ECF No. 118. Broan advances three main arguments. First, it contends that the Court's claim construction analysis was incorrect with respect to Claim 1 of the '329 patent. ECF No. 136-2 at 8–13. Second, it claims that "[t]he Court erred in concluding that Conglom was not the source of the brackets depicted in Broan's photographs" and in concluding that Broan could not "establish[]" as much "at trial." *Id.* at 13; *see also id.* at 13–18. Finally, Broan argues that "[i]t was inappropriate to make factual findings relating to Conglom's motion for sanctions after concluding that Conglom's motion was moot, and the Court further erred in those findings." *Id.* at 18; *see also id.* at 18–31. The Court will address each argument in turn.

### 3.1 Claim Construction

As the Court noted on summary judgment, there was

> [o]nly one dispute concerning claim construction [that] [wa]s [then] live, and it concern[ed] the final limitation in the '329 patent: "wherein the tongue extends away from the base section at the tongue proximal end to a crest, the tongue extending from the crest to a trough and then from the trough to the distal end of the tongue."

ECF No. 108 at 15 (citing ECF No. 86-2 at 29 ('329 patent)) (other internal citations omitted) (footnote omitted). For convenience, the Court will repeat the entirety of Claim 1 of the '329 patent here, which provides for:

> A range hood mountable to an underside mounting surface of a cabinet, comprising:

> a base section defining a thickness and having an upper surface and defining at least one support opening on the upper surface; and
>
> a mounting plate mountable to the cabinet at the underside mounting service and including a base portion defining a thickness and having at least one support feature configured to be inserted through the corresponding support opening to engage the upper surface of the base section to hold the base section proximate to the cabinet before being secured thereto by at least one fastener;
>
> wherein the support feature comprises a tongue formed from material of the base portion and displaced from the base portion to define a void in the base portion, the tongue having a proximal end extending from the base portion and a distal end displaced from the base portion a distance greater than the thickness of the base section of the range hood;
>
> wherein the tongue extends away from the base section at the tongue proximal end to a crest, the tongue extending from the crest to a trough and then from the trough to the distal end of the tongue.

ECF No. 86-2 at 29.

According to Broan, the Court should not have read the final limitation—from "wherein the tongue" to the end—as signaling that the "tongue begins by moving in a direction away from the base section." ECF No. 136-2 at 10 (citing ECF No. 108 at 24) (emphasis omitted). Instead, Broan maintains that the Court should have construed the claim to mean that: "the tongue in its range hoods is inserted through the hood's base section, and that[,] between that base section and the crest[,] the tongue *extends away* from the base section, and that this portion of the tongue is located *at the tongue proximal end*." *Id*. at 13 (emphasis in the original).

Broan makes several arguments in support of its suggested construction. First, Broan contends that the Court's construction renders the product inoperable by the Court's own admission, *id*. at 8 (citing ECF No. 108 at 20, 22–23), and such a conclusion should be met with "extreme skepticism." *Id*. (quoting *AIA Eng'g Ltd. v. Magotteaux Int'l S/A*, 657 F.3d 1264, 1278 (Fed. Cir. 2011)). In support of this argument, Broan cites to a litany of cases wherein courts held that constructions resulting in inoperable readings are improper. *Id*. at 9 (citing *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 904 F.3d 965, 972 (Fed. Cir. 2018); *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1345 (Fed. Cir. 2009); *AlterWAN, Inc. v. Amazon, Inc.*, 63 F.4th 18, 24 (Fed. Cir. 2023); and *McKechnie Vehicle Components USA Inc. v. Lacks Indus. Inc.*, No. 2:09-CV-11594, 2010 WL 11544994, at * 7 (E.D. Mich. Aug. 31, 2010)). According to Broan, these cases make clear that the Court "misapplied" caselaw that required it to construe the claim by its plain meaning. *Id.* (citing *Chef Am. v. Lamb-Weston, Inc.*, 358 F.3d 1371 (Fed. Cir. 2004)).

Second, Broan argues that the Court's construction improperly "render[ed] meaningless other limitations explicitly recited in the claim." ECF No. 155 at 6 (citing *Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 949–53 (Fed. Cir. 2006)); *see also* ECF No. 136-2 at 11 (citing same).

Third, Broan argues that Conglom's construction, which the Court adopted, improperly "excludes all described embodiments." ECF No. 155 at 6 (citing *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996)).

Fourth, Broan suggests that the Court engaged in claim differentiation to exclude embodiments of the '329 patent, and that doing

so was improper. ECF No. 136-2 at 12 (citing *Clare v. Chrysler Grp. LLC*, 819 F.3d 1323, 1331 (Fed. Cir. 2016)).

The first three arguments merely reiterate Broan's summary judgment arguments. ECF No. 98 at 29 ("[Conglom's] construction would render the invention inoperable for its asserted purpose."); *id*. at 26 ("[Conglom's] construction ignores the claim language of [the] '329 Patent and would impermissibly exclude all embodiments described in the Patent's specification"); *id*. at 29 (discussing courts that rejected interpretations that would render meaningless other language in the claim or exclude disclosed embodiments) (citations omitted). The Court rejected these arguments. ECF No. 108 at 22 ("While [Conglom's] reading would likely render the hook inoperable, as *Chef America* indicates, when the claim language is clear, the Court should not fix it merely to make the patent functional."); *id*. at 20 (noting that Broan's construction would render other claim language meaningless); *id*. (noting that the specification in dispute "reaffirms [Conglom's] view"). Motions to reconsider are not vehicles for "rehashing previously rejected arguments." *Shreffler v. City of Kankakee*, No. 19-CV-2170, 2021 WL 6200763, at *1 (C.D. Ill. Nov. 29, 2021) (quoting *Pruitt v. Personal Staffing Grp., LLC*, No. 16-cv-5079, 2021 WL 197399, at *1 (N.D. Ill. Jan. 20, 2021)). As such, these arguments are unpersuasive.

Finally, Broan's argument that the Court's application of claim differentiation was improper, ECF No. 136-2 at 12 (citing *Clare*, 819 F.2d at 1331), is not persuasive. The Court does not understand this argument, and Broan's perfunctory analysis does not further the Court's understanding, particularly since it does not identify the claims the Court supposedly differentiated or how that led to the exclusion of embodiments. *See Eazypower Corp. v. Alden Corp.*, 509 F. Supp. 2d 737, 741 (N.D. Ill. 2007)

(noting that "[u]nder the doctrine of claim differentiation, a court may construe a claim based on how it differs from other claims" (citing *Phillips v. AWH Corp.,* 415 F.3d 1303, 1314–15 (Fed. Cir. 2005))). The Court did not rely on the doctrine of claim differentiation in its opinion.[2] *See generally* ECF No. 108. Conglom pointed out as much in its response brief, ECF No. 140 at 24, but Broan chose not to respond to that assertion or otherwise clarify its claim differentiation argument in its reply brief. *See generally* ECF No. 155 (nowhere mentioning claim differentiation). As such, further evaluation of the argument is unnecessary. *Arunachalam v. Int'l Bus. Mach. Corp.*, 989 F. 3d 988, 999 (Fed. Cir. 2021) (noting that the Court need not address undeveloped arguments (citing *Monsanto Co. v. Scruggs*, 459 F. 3d 1328, 141 (Fed. Cir. 2006) and *United States v. Dunkel*, 927 F.2d 955, 957 (7th Cir. 1991))); *United States v. Davis*, 29 F.4th 380, 385 n.2 (7th Cir. 2022) ("This one sentence observation without argument is undeveloped and thus waived." (citing *Schaefer v. Universal Scaffolding & Equip., LLC,* 839 F.3d 599, 607 (7th Cir. 2016))).

---

[2]Before its one-sentence paragraph on claim differentiation, Broan challenges the Court's analysis surrounding the '611 patent history and the observation that it suggested that language in the '329 patent evidenced a defect. ECF No. 136-2 at 12. Broan appears to suggest that the prosecution history of the '329 and '611 patents belie this observation. To the extent Broan is attempting to argue that the Court's contextualizing use of patent history from the '611 patent and the '329 patent was incorrect, the Court notes two things. First, Conglom at the very least alluded to this argument in its brief supporting summary judgment, ECF No. 85 at 26, so Broan could have made the arguments it now makes in its summary judgment opposition brief. *Duehning v. Aurora East Sch. Dist. 131*, No. 13 C 5617, 2015 WL 5008776, at *2 (N.D. Ill. Aug. 20, 2015) (quoting *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007)). Second, even if Broan had made this argument at the appropriate time, it would not have changed the Court's analysis, which merely used the prosecutorial history to bolster its claim construction, which was primarily based on the plain language of the '329 patent itself. ECF No. 108 at 15–24.

For the foresorgoing reasons, Broan provides no basis for reconsideration as to the Court's claim construction analysis.[3]

### 3.2 Authenticity Issues

According to Broan, the Court improperly "create[d] a disputed issue of fact concerning authenticity where none existed." ECF No. 136-2 at 13 (citing *Wood v. Sec. Credit Servs., LLC*, 126 F.4th 1303, 1311 (7th Cir. 2025)). Moreover, it argues, "[t]he Court erred in concluding that Conglom was not the source of the brackets depicted in Broan's photographs" and that Broan could not "establish[]" as much "at trial." *Id*. The Court will address each argument in turn.

### 3.2.1 Who Raised the Issue of Authenticity

As a preliminary matter, Broan's argument is without legal support. Broan's citation to *Wood* misstates the Seventh Circuit's ruling there. *Wood*, 126 F.4th at 1311 (finding the district court's decision to render summary judgment "premature" because there was a disputed issue of material fact). Broan provides no other legal authority for the notion that the Court may

---

[3]Broan's arguments rely on repeated mischaracterizations of the facts. Specifically, the visual that Broan provides in its reply brief to the motion to reconsider, ECF No. 155 at 7, incorrectly labels the relevant pieces of the patented product, conflating the base portion of the mounting plate (where the tongue is located) with the base section. This is not the first time Broan has conflated the two. *See* ECF No. 108 at 24 n.22 (noting that "the difference between the base section and base portion . . . ma[d]e all the difference" in understanding the correct claim construction and Broan's failure to appreciate that difference rendered its argument frivolous). To be clear, the blue line in Broan's visual, ECF No. 155 at 7, is the base portion of the mounting plate, and does not designate the base section. Interestingly, Broan correctly labelled the base portion at the start of this litigation. *See* ECF No. 1-4 at 3. When utilizing these proper labels, it becomes apparent that "while the tongue's proximal end may extend from the base portion of the mounting plate, it nonetheless extends away from the base section." ECF No. 108 at 20.

not raise an authentication issue (or evidentiary issue generally) on summary judgment, rendering this argument waived. *Brock v. Dep't of Transp.*, No. 2023-1133, 2023 WL 6119122, at *7 n.4 (Fed. Cir. 2023) (noting that arguments unsupported by legal authority are waived (quoting *Rodriguez v. Dep't of Veterans Affs.*, 8 F.4th 1290, 1305 (Fed. Cir. 2021)); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) and *Dunkel*, 927 F.2d at 956 (7th Cir. 1991)) (same). Indeed, Broan's argument ignores the summary judgment standard in the Seventh Circuit, which is controlling here. *DSM Desotech Inc. v. 3D Sys. Corp.*, 749 F.3d 1332, 1338–39 (Fed. Cir. 2014) (applying the regional circuit law while reviewing summary judgment ruling by lower court, which coincidentally was the Seventh Circuit) (internal citations omitted). This standard required Broan, after Conglom pointed out that there was absence of evidence to support Broan's case, to "do more than simply show there is some metaphysical doubt as to the material facts." *Caracci v. Am. Honda Motor Co.*, 726 F. Supp. 3d 840, 846 (7th Cir. 2024) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). In other words, Broan needed to have "substantiate[d] its facts with evidence," but it did not do that here. *Id.*; ECF No. 108 at 26–31.

As a practical matter, it was Conglom, not the Court, that put the issue of authenticity in dispute. Conglom did so in its opening summary judgment brief. *See, e.g.*, ECF No. 85 at 30 (noting if "the Court sanctions[4] Broan," "Broan cannot meet its evidentiary burden to prove infringement"

---

[4]Insofar as the Court's analysis regarding Conglom's motion for sanctions and its motion for summary judgment intersected in discussions about the authenticity of the alleged images of the Accused Products, this is yet another reason the motion for sanctions was not advisory in nature. *See infra* Section 3.3.1.

(citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 831 F.3d 1369, 1378 (Fed. Cir. 2016)); *id*. at 6 n.2 (contending that "[t]o date, [Conglom] has been unable to inspect the original product purchased by Broan because counsel has not made it available" (citing ECF No. 82 at 11 ("*Attempts to Prevent [Conglom's] Investigation of the **Fraudulent** Evidence*" (emphasis added))))). Conglom's reply brief held a similar discussion. ECF No. 105 at 15 ("Broan puts forth no evidence that the diagrams of tongue configurations that it cites . . . are of [Conglom's] tongues or were used by [Conglom] for any purpose. These diagrams are not in English, are not translated to English, and have no date or product number." (internal citation omitted)); *id*. (arguing that the "measurements taken by a purportedly independent investigator and listed in Broan's Opposition are purposefully misleading" and noting that there are "no identifying numbers, dates, or images that allow identification of which tongues were analyzed"). Broan's argument that the Court itself improperly created the dispute about authenticity falls flat for all these reasons.

### 3.2.2 Whether Broan Made a Prima Facie Showing of Authenticity

The Court now turns its attention to Broan's argument that "there is sufficient evidence that the brackets depicted in Broan's photos were manufactured by Conglom." ECF No. 136-2 at 14. Broan purports to recite a litany of acknowledgments or admissions by Conglom on the record prior to the Court's summary judgment ruling that supports this conclusion. *Id*. (internal citations omitted). Broan also specifically refers the Court to two side-by-side comparisons of images that Broan offered and images that Conglom offered as representative of the Accused Products. *Id*. at 15, 17. The Court will address the side-by-side comparisons first and then turn its

attention to Conglom's supposed admissions or acknowledgements elsewhere in the record. The Court finds neither argument persuasive for the reasons set forth below.[5]

### 3.2.2.1 Broan's First Comparison

According to Broan, Conglom relied on Broan's images as part of its motion for sanctions. ECF No. 136-2 at 14 (citing ECF No. 82 at 7–8). Supposedly, the "photos taken by Conglom's counsel show the same structures depicted in Broan's close-up photos of the same bracket." *Id*. In support, Broan provides a side-by-side comparison of the image at ECF No. 83-2 at 2 (which it denotes below as the "Conglom Photos," a designation that the Court will adopt) with the image that appears at ECF No. 99-12 (which it denotes as the "Broan Close-up Photo," a designation which the Court will also adopt):



Conglom Photos



Broan Close-up Photo

---

[5]As a preliminary matter, the Court notes that, at least as of 2020, the "the Federal Circuit has not ruled on the standard FRE 901(a) requires for authentication." *Marine Indus. Constr., LLC v. United States*, 151 Fed. Cl. 349, 359 (Fed. Cl. 2020). The Court's research has not identified any subsequent case law that addresses the matter. Regardless, because authentication is ostensibly *not* an issue unique to patent law, the Court adopts the Seventh Circuit's approach. *See Info-Hold, Inc. v. Muzak, LLC*, 783 F.3d 1365, 1371 (Fed. Cir. 2015) (applying the local regional circuit law as to "evidentiary rulings") (internal citations omitted).

*Id.* at 15 (citing ECF No. 82 at 8 and ECF No. 98 at 34). This comparison comes too late, as summary judgment was the time to make a prima facie showing that the evidence was capable of authentication. *Homeland Housewares, LLC v. Sorensen Rsch.*, 581 F. App'x 869, 874 (Fed. Cir. 2014) (noting that a "district court cannot be expected to 'examine reams or file cabinets full of paper looking for genuine issues of fact' when the attorneys fail to point out the evidence that supports their case" (quoting *In re Cygnus Telecomm. Tech., LLC, Patent Litig.*, 536 F.3d 1343, 1352–53 (Fed. Cir. 2008)); *see also Dupar*, 2023 WL 5939664, at *2 (motions to reconsider are not vehicles to present evidence that could have been presented earlier (quoting *Miller*, 683 F.3d at 813)).

In any event, even if Broan had made this comparison at the time of summary judgment, the Court would not have found the images comparable, contrary to Broan's suggestion otherwise, ECF No. 136-2 at 14. For one, Conglom merely referred to the Conglom Photos as an "image [of] **the product that was purchased by Broan's counsel**, with all four brackets present," ECF No. 83 at 3 (citing ECF No. 83-2 at 2) (emphasis added), a description that falls short of authenticating the images as Conglom product(s), much like the other supposed admissions and acknowledgments Conglom supposedly made. *See infra* Section 3.2.2.3.

Meanwhile, the visual comparability is impugned by the fact that Broan appears to have zoomed in on the Conglom Photos to make the comparison,[6] and the fact that the Conglom Photos appear to have a darker

---

[6]On this note, the reason Conglom even introduced the image to which Broan refers was to show that the Broan had lied about whether the device had brackets missing, not to make an argument about whether the tongue's design was, in fact, infringing. *See* ECF No. 82 at 7–8 (citing ECF No. 83). And, as that was

color than the Broan Close-up Photo. *See Sinatro v. Barilla Am., Inc.*, 635 F. Supp. 3d 858, 871 (N.D. Cal. 2022) (declining to take judicial notice of defense exhibits where plaintiff argued they were "altered, zoomed-in" screenshots of the original, and defense counsel did "not explain how the images were selected, how [they] were created, who added the captions and other type, or otherwise describe the creation of the exhibits (citing FED. R. EVID. 901(a) (internal quotation marks omitted)); FED. R. EVID. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). As such, the Court declines to find that the images depicted above are the same, and therefore, that Conglom relied on the same images as Broan such that they were impliedly authenticated.

### 3.2.2.2 Broan's Second Comparison

According to Broan, "Conglom admitted that schematics [Conglom] produced in discovery reflected the design of brackets that [Conglom] offered at least as of late 2021." ECF No. 136-2 at 16 (internal citations omitted). Broan offers, as depicted below, a side-by-side comparison of the image at ECF No. 99-8 at 3, which supposedly contains the schematic of a Conglom product Conglom produced (hereinafter, the "Schematic"), and an image that Broan characterizes as a "bracket purchased prior to 2022

---

not the goal of Conglom's inclusion of the image, that is likely why Broan had to zoom-in on the Conglom Photos to make the comparison here.

[that] is consistent with th[e] [Schematic]" (an image that the Court will refer to as the "Second Broan Close-up Photo"):


Conglom Schematic


Broan Close-up Photo

*Id.* at 17. Broan argues that the Court's analysis of these images "mistakenly concluded [that] th[e] Schematic was altered by Broan," when, in fact, Conglom made the notations pursuant to the Protective Order entered earlier in this case. *Id.* (citing ECF No. 108 at 28 and ECF No. 35 at 3–4). "These notations authenticate the [Schematic] as having been produced by Conglom and that the disclosures therein are reflective of Conglom's confidential manufacturing information." *Id.* In addition, Broan seems to argue that, to the extent the Schematic is authenticated, the Second Broan Close-up Photo is capable of authentication as well via comparison to it. *Id.* (citing FED. R. EVID. 901(b)(3)-(4)).

Conglom responds that the Schematic "is not a Conglom document," but rather documentation "collected as part of this litigation from a third party" and subsequently sent to a Conglom representative. ECF No. 140 at 26 (internal citations omitted). "It is marked Attorney's Eyes Only because it has third[-]party propriety designs." *Id.* (internal citations omitted).

Conglom, therefore, disputes that the Schematic constitutes an implicit authentication since that only occurs where "the party 'produced the records and implicitly represented them to be the company record[].'" *Id*. (citing *United States v. Lawrence*, 934 F.2d 868, 871 (7th Cir. 1991)). Conglom further argues that the Schematic "does not represent what Broan argues it does." *Id*. Specifically, it does "not [appear] to have been used by the manufacturer and at best relates to the 2019 Range Hood," which "Broan destroyed." *Id*. at 26–27.

Broan does not address the Schematic's authenticity in its reply.[7] *See* ECF No. 155 at 8–11.

The Court agrees with Conglom. For one, Broan conspicuously fails to challenge Conglom's assertion that the Schematic belonged to an entity other than Conglom. *Cf. ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 844 F. Supp. 2d 937, 938 (N.D. Ill. 2012) (noting that the defendants' "total silence" in their brief as to an issue discussed by the opposing party was "deafening" and "sp[oke] louder than any weak attempt to [provide] some legitimate reason" as to the issue). Further, Conglom's counsel has submitted a declaration under penalty of perjury that the Schematic is "not Conglom's document" and that "[n]o one at Conglom can testify to its

---

[7]The only place in its reply that Broan does discuss the Schematic is in defense of whether it engaged in spoilation, an issue which the Court does not take up. Broan maintains that the Schematic constitutes an admission that the "bracket design [was] produced on the Chinese manufacturing tooling," and, therefore, provides additional "proof of the Chinese produced bracket" that allegedly infringed on Broan's patents. ECF No. 155 at 15 (citing ECF No. 120, ¶ 4; ECF No. 120-1 at 4–5; and ECF No. 99-8). This argument is far afield from the issue here, so the Court will not address it further.

authenticity." ECF No. 141 at 8. Broan has supplied no such declaration to the opposite effect.

Broan's reply is similarly silent as to Conglom's assertion that the Schematic does not represent what Broan argues it does. Thus, the Court is not convinced that Conglom could have impliedly authenticated it. *United States v. Brown*, 688 F.2d 1112, 1116 (7th Cir. 1982) ("[O]nce [a party] voluntarily produce[s] . . . documents and implicitly represent[s] them to be . . . [that party's] corporate records, [that party] cannot be heard to contend that they are not [the party's] records"); *see also infra* Section 3.2.2.3

The fact that the Schematic was stamped with the language "Attorneys' Eyes Only" is irrelevant, contrary to Broan's contention otherwise. The Court only noted the presence of this phrase to explain that any contents of the document that could lend themselves toward self-authentication—by way of Federal Rule of Evidence 902(7)—appeared to have been superimposed during discovery alongside that phrase and, therefore, the marks could not "be construed as being made in the course of business," as required by the Rule. ECF No. 108 at 28.

None of Broan's arguments change that the Schematic is not capable of authentication based on the record at summary judgment. By extension, therefore, the Second Broan Close-up Photo is not authenticable by way of comparison to the Schematic. Thus, Broan fails to meet its burden of showing manifest error of law or fact as to the Court's ruling that Broan did not introduce evidence of an Accused Product by way of the Schematic.[8]

---

[8]The Court does not address the remaining photo comparisons that Broan offers on reply, ECF No. 155 at 10–11, as these comparisons were not offered in its opening brief, *see generally* ECF No. 136-2. *United States v. Waldrip*, 859 F.3d 446, 450 n.2 (7th Cir. 2017) ("Arguments raised for the first time in a reply brief are waived" (citing *Mendez v. Perla Dental*, 646 F.3d 420, 423–24 (7th Cir. 2011)); *U.S. v.*

### 3.2.2.3 Conglom's Other Purported Admissions

According to Broan, there are various other instances where Conglom relied on or otherwise admitted or acknowledged, prior to the Court's ruling on summary judgment, certain evidence that would support Broan's claims. ECF No. 136-2 at 14 (citing ECF No. 89 at 2 and n.1; ECF No. 105 at 14; ECF No. 24 at 9; and ECF No. 30 at 2).[9]

The Court understands Broan's main argument to be that Conglom impliedly authenticated the "images of the Accused Products captured by [Conglom's] counsel" by referring to them in Conglom's version of undisputed facts. *Id.* at 13; *id.* at 14 (citing ECF No. 89 at 2). The Court appreciates that "once [a party] voluntarily produce[s] . . . documents and implicitly represent[s] them to be . . . [that party's] corporate records, [that party] cannot be heard to contend that they are not [that party's] records." *Brown*, 688 F.2d at 1116. However, that is not what happened here. As Conglom correctly notes, "[a]ny agreements or acknowledgments by Conglom [were] premised on Broan's representations that Broan's counsel purchased Conglom range hoods and that Broan possessed the 2019 Range

---

*Ford Motor Co.*, 463 F.3d 1267, 1277–78 (Fed. Cir. 2006) (citing *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) and *United States v. Nealy*, 232 F.3d 825, 830–31 (11th Cir. 2000)) (same).

[9]The Court will not address any of the purported acknowledgments or admissions by Conglom that Broan raised only on reply, such as the contention that "Conglom's own expert, Mr. Rufus Brown, acknowledged [that] tongues with this configuration infringe" or the argument that "Conglom admits [that] the 2024 range hood in its possession is authentic" and "has not disputed the authenticity of the 2023 range hood in possession of Broan's counsel." ECF No. 155 at 9, 10. These arguments are waived. *Waldrip*, 859 F.3d at 450 n.2 (citing *Mendez*, 646 F.3d at 423–24); *Ford Motor Co.*, 463 F.3d at 1277–78 (citing *Novosteel SA*, 284 F.3d at 1274 and *Nealy*, 232 F.3d at 830–31).

Hood with images that accurately reflected that evidence." ECF No. 140 at 20–21. As discussed in Section 3.2.1, Conglom went so far as to characterize the evidence arising out of Broan's supposed purchase of Conglom products as fraudulent in its opening summary judgment brief. That allegation undermines any notion that Conglom admitted or acknowledged the photos it relied on or otherwise referenced were, *in fact*, the Accused Products. Conglom's assertion in its summary judgment reply brief that the "tongue images with the wave shape in Broan's Opposition . . . appear to be of the replacement bracket that Broan obtained via a fraudulently made warranty claim" was consistent with Conglom's unwillingness to agree that the photos were what Broan claims (i.e., the Accused Products). ECF No. 105 at 14. It was Broan, and Broan alone, who represented that the photos it relied on as evidence were, in fact, the Accused Products, and that is not a basis on which to find implied authentication. *C.f. Brown*, 688 F.2d at 1116.

The Court likewise finds that Conglom did not impliedly authenticate images of the Accused Products in the footnote to its statement of undisputed facts. ECF No. 136-2 at 14 (citing ECF No. 89 at 2 n.1). There, Conglom merely recites that the "'Accused Products' are Vissani range hoods, models QR254S, QR272S, QR272BS, and QR372S," an assertion that falls short of authentication. While this is an assertion by Conglom about what the Accused Products are, it does not address the issue insofar as there is still no evidence, be it the form of photos or otherwise, of those model numbers from which the Court could analyze infringement. A similar problem plagues Broan's argument that Conglom "admit[s] that Conglom manufactures these Vissani range hoods for The Home Depot for sale in the United States." ECF No. 136-2 at 14 (citing ECF No. 24 at 9 (Broan's motion to dismiss brief) and ECF No. 30 at 2 (a declaration filed in support of

Broan's motion to dismiss)). Indeed, had Conglom wanted to reference Broan's exhibits, it could have done so by saying something along the lines of: Conglom manufactures Vissani range hoods *as depicted in Broan's filings*. Or it could have cited to exhibits that depicted those Vissani range hoods. Conglom did neither. As such, Conglom's assertions fell short of impliedly authenticating any evidence to be the Accused Products.

At the end of the day, Broan does little more than "[s]imply assert[] that" the images "theoretically could [be] authenticate[d]," which "is insufficient when authenticity is challenged at the summary judgment stage." *Marvel Tech. (China), Co. Ltd. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 23-cv-24366-BLOOM/Torres, 2025 WL 2644734, at *13 (S.D. Fla. Sept. 15, 2025) (citing *Doherty-Heinze v. Chrisley*, No. 3:21-cv-105-TCB, 2023 WL 8351550, at *3 (N.D. Ga. Oct. 12, 2023) and *Snover v. City of Starke*, 398 F. App'x 445, 449 (11th Cir. 2010)).[10]

Broan failed to make a "prima facie showing of genuineness," ECF No. 108 at 26 (citing *United States v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012)), and none of its arguments provide a basis for the Court to reconsider this finding.

---

[10]To the extent Broan used Attorney Bergert as a witness for authentication purposes, the Court declined to consider his submissions because his statements were not made under penalty of perjury and thus had no evidentiary value and because, in any event, there was "good reason to doubt his word." ECF No. 108 at 29 (citations omitted). *Wi-LAN Inc. v Sharp Elecs. Corp.*, 992 F.3d 1366, 1374 (Fed. Cir. 2021). And, as far "the expert[s]" in this case are concerned (namely, Mr. Rufus Brown and Dr. Benden) they "add[] nothing to the [inadmissible evidence] other than transmitting [it] to the jury." *Wi-LAN Inc. v Sharp Elecs. Corp.*, 992 F.3d 1366, 1374 (Fed. Cir. 2021) (quoting 29 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & VICTOR J. GOLD, FEDERAL PRACTICE AND PROCEDURE § 6274 (2d ed. 2020)).

### 3.3 Arguments Related to Sanctions Analysis

Broan makes several arguments related to the portion of the Court's order discussing Conglom's motion for sanctions. The Court addresses each argument in turn.

### 3.3.1 Advisory Opinion

Broan argues that the Court inappropriately rendered an advisory opinion as to "Conglom's Motion for Sanctions after determining it was moot." ECF No. 136-2 at 18–19, 31 (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950)). According to Broan, "federal courts lack jurisdiction to issue advisory opinions in moot cases and judgments in moot cases should be vacated to prevent legal consequences from unreviewable decisions." *Id*. at 18 (citing same).

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" *Chafin v. Chafin*, 568. U.S. 165, 171–72 (2013). "Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinions advising what the law would be upon a hypothetical state of facts.'" *Id*. (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam)). The "requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Id*. (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). "When the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," "the suit becomes moot." *Id*. (quoting *Already, LLC v. Nike*, 568 U.S. 85, 91 (2013)). "But a case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Id*. (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) and citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9

(1992)). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id*. (quoting *Knox*, 567 U.S. at 307–08). In other words, "[d]etermining whether an opinion would be advisory is interrelated with the question of whether there exists a case or controversy: 'The requirements of standing, ripeness, and mootness guard against the issuing of advisory opinions.'" *Associated Gen. Contractors of Am., Cent. Ohio Div. v. City of Columbus*, 147 F. Supp. 2d 864, 871 (S.D. Ohio May 23, 2001) (quoting *State of Ohio ex rel. Celebrezze v. United States Dep't of Trans.*, 766 F.2d 228, 232 (6th Cir. 1985)).

The Court disagrees that its sanctions analysis constituted an advisory opinion. At the time that the Court ruled on summary judgment, there was a motion for sanctions also pending, ECF No. 81. Sanctions were, therefore, a live matter for the Court to address at that juncture. *See Ramirez v. World Mission Soc'y, Church of God*, No. 14-1708 (ES), 2015 WL 14020031, at *2 (D.N.J. Mar. 3, 2015) (denying motion to strike because there was "no 'case or controversy' pending because Defendants [had] not filed a motion for sanctions" (citing *United States v. Thomas*, 713 F.3d 165, 168 (3d Cir. 2013) and *Powell v. McCormack*, 395 U.S. 486, 496 (1969))).

It is true that motions for sanctions typically represent a collateral issue, and not a judgment on the merits. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (discussing Rule 11 Sanctions); *see also In re Dental Profile, Inc.*, 446 B.R. 885, 890 (N.D. Ill. 2011) (characterizing the "imposition of sanctions" as such) (citations omitted). But the Court's denial of the motion for sanctions as moot did not change that the question of sanctions was ripe for judicial determination. And, it was not as though the Court had already rendered summary judgment to Conglom at the time the Court

ruled on the motion for sanctions. On the contrary, the rulings occurred at the exact same time in the exact same order. ECF No. 108.

Further, as Conglom points out, the Court relied on its sanctions analysis in reaching its conclusion that authentication issues supported a summary judgment finding for Conglom. ECF No. 108 at 29 (citing the Court's sanctions analysis); ECF No. 140 at 28 (citing ECF No. 108 at 29); *see supra* note 4.

To the extent that Broan argues that the Court impermissibly reached a decision in the alternative,[11] the Court notes that district courts make decisions in the alternative all the time. *See, e.g., Carter v. Carter*, 859 F. Supp. 2d 964, 966 (C.D. Ill. 2012) (dismissing the case for want of jurisdiction and, in the alternative, for its frivolousness); *Miller v. Rokita*, No. 3:22-CV-883 JD, 2023 WL 4489491, at *4 (N.D. Ind. July 12, 2023) (finding no basis to exercise supplemental jurisdiction, and in the alternative, finding that plaintiff failed to state a state law claim); *Angela G. v. Berryhill*, 1:17-cv-01788-JRS-DLP, 2019 WL 1055096, at *6 (S.D. Ind. Mar. 6, 2019) (noting the court did not "need [to] consider harmless error to resolve the [case]" but nevertheless making a finding in the alternative as to harmlessness); *Clara P. v. Saul*, No. 1:18-cv-04029-TWP-TAB, 2019 WL 5537222, at *7 (S.D. Ind.

---

[11]While the Court did not use the exact language of ruling in the alternative, it arguably did so when it expressly "ma[d]e a finding that the sanction of dismissal with prejudice [was] warranted based on [Broan's] counsel's sanctionable conduct, but . . . nevertheless . . . den[ied] the motion [for sanctions] as moot because the Court ha[d] separately awarded [Conglom] summary judgment on the merits." ECF No. 108 at 32. This makes clear that, even if the Court had ruled in favor of Broan on summary judgment, it would have nevertheless dismissed the case with prejudice as a sanction for its counsel's misconduct. And, again, because the finding comes in the same order as the Court's summary judgment ruling, Broan's attempt to argue that the finding evades appellate review because it is an "advisory opinion" falls flat.

Oct. 24, 2019) (ruling based on res judicata and, alternatively, on the merits); *FDIC v. Urban P'ship Bank*, No. 17-cv-1517, 2018 WL 2021223, at *3 (N.D. Ill. May 1, 2018) (finding in the alternative that its reasoning applies whether the motion to dismiss is formulated as a failure to state a claim or for want of jurisdiction) (internal citation omitted).

Finally, because Broan already had an opportunity to address the motion for sanctions—and did so in its response brief to Conglom's motion, ECF No. 95—Broan's contention that the sanctions are "more properly addressed in connection with [Conglom's] live motion" for attorneys' fees and costs is meritless. ECF No. 136-2 at 19 (referencing ECF No. 115). For these reasons, the Court rejects Broan's assertion that its sanctions analysis constituted an advisory opinion.

### 3.3.2   Lesser Sanctions

Broan next contends that the Court erred because its summary judgment ruling "does not include an examination of lesser sanctions [other than dismissal] or a 'specific, reasoned explanation,' for [its] rejection" of such lesser sanctions. ECF No. 136-2 at 19 (citing *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003); *Ball v. City of Chicago*, 2 F.3d 752, 758 (7th Cir. 1993); and *Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1478–79 (D.C. Cir. 1995)).

This argument is meritless because in a case such as this, where dismissal was an appropriate sanction,[12] the Court need not have *explored* lesser sanctions. *Fuery v. City of Chicago*, 900 F.3d 450, 464 (7th Cir. 2018) ("[L]esser sanctions need not be explored if the circumstances justify the imposition of the ultimate penalty—dismissal with prejudice." (quoting

---

[12]As discussed *infra* Section 3.3.3, there were sufficient facts to justify dismissal in this case.

*Dotson*, 321 F.3d at 667)). The Court only needed to *consider* lesser sanctions, and it did. *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) (noting that the lower court's citation to *Oliver v. Gramley*, 200 F.3d 465, 466 (7th Cir. 1999) for the proposition that courts "should generally consider lesser sanctions" was sufficient to demonstrate "that it considered lesser sanctions"); ECF No. 108 at 33–34 (discussing that dismissal is a "powerful sanction" that should only be reached upon a "clear record of contumacious conduct" and after "considering whether less drastic sanctions are available" (quoting *Fuery*, 900 F.3d at 464)). As such, the Court rejects this argument.

### 3.3.3 Bad Faith

Finally, Broan argues that the Court erred in its finding that there was "bad faith" on the part of Broan's counsel. ECF No. 136-2 at 19 (citing *Greviskes v. Univs. Rsch. Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005) and *Downs v. Westphal*, 78 F.3d 1252, 1256 (7th Cir. 1996)). In this case, like in *Fuery*, there is a "laundry list of bad faith conduct," 900 F.3d at 469, which Broan invites the Court to sift through for a second time. The Court declines to do so. Each of Broan's arguments present either arguments that were considered and rejected in the Court's summary judgment order, or arguments that could have been made at that time. Broan is not entitled to rehash rejected arguments nor to make arguments that "could and should have been made in prior briefing. *McCarty v. Menards*, 327 F.R.D. 177, 179 (N.D. Ill. 2018) (citing *Goplin v. WeConnect, Inc.*, 893 F.3d 488 (7th Cir. 2018) and *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014)). The Court will, therefore, not reconsider its finding of bad faith on the part of Broan's counsel.

### 4. REMAINING MOTIONS

#### 4.1 Broan's Motion for Leave to File Declaration

The Court now turns to the remaining motions in this case, starting with Broan's motion for leave to file a declaration in support of its reply brief in support of its motion to reconsider. ECF No. 165. The Court appreciates that Conglom's opposition brief spilled much ink over an argument not yet raised, namely whether sanctions, based on Broan's alleged engagement in spoilation, are warranted. ECF No. 140 at 16–23; *id.* at 6, 8 (citing ECF No. 136-2 at 28 and ECF No. 121 at 2)). It also appreciates that Broan seeks to file this declaration to defend itself against that contention, ECF No. 155 at 16–19. However, the Court need not analyze whether spoilation occurred here because it stands on its previous analysis that sanctions, specifically dismissal, were warranted on separate grounds.[13] The Court will thus deny this motion as moot.

#### 4.2 Motion for Attorneys' Fees and Related Motions

The Court will also deny as moot Conglom's first motion for attorneys' fees, ECF No. 111, because Conglom filed an amended motion

---

[13]The Court does not regard Conglom as pursuing additional sanctions beyond dismissal for two reasons. First, while Conglom uses the phrase "post-judgment sanctions," ECF No. 140 at 16, and suggests that Broan's conduct "justifies further sanctions," *id.* at 21, Conglom's brief never makes a specific request for sanctions and the caselaw it references merely applies the sanction of dismissal. *See, e.g., id.* at 23 (citing *Ohio Sec. Ins. v. Best Inn Midwest, LLC*, 143 F.4th 784, 788 (7th Cir. 2025)). Second, Conglom failed to formally move for post-judgment sanctions. The Court will accordingly deny any such request for post-judgment sanctions, if Conglom is truly seeking such relief, as procedurally improper. *See In re Honey Transshipping Litig.*, 87 F. Supp. 3d 855, 874 (N.D. Ill. 2015) (denying jurisdictional discovery request in a response brief because it was not filed as a motion of its own (citing *Nelson v. Bulso*, 149 F.3d 701, 705–06 (7th Cir. 1998)).

that incorporated the relief requested in the first motion. *Compare* ECF No. 111 *with* ECF No. 115. The Court will further deny without prejudice Conglom's amended motion for attorneys' fees, ECF No. 115, because Broan has appealed the Court's summary judgment order, *see* ECF No. 124. *See GS CleanTech Corp. v. Adkins Energy LLC*, No. 10 C 4391, 2018 WL 1469001, at *7 (N.D. Ill. Mar. 26, 2018) (noting that a court may, among other options,[14] deny without prejudice a motion for attorneys' fees where the case has been appealed (citing *Barrington Press, Inc. v. Morey*, 816 F.2d 341, 343 (7th Cir. 1987) and FED. R. CIV. P. 54(d) advisory committee's note (1993)).

Because the Court will deny Conglom's amended motion for attorneys' fees, the Court will also deny as moot Broan's motion to strike, or in the alternative, to file a sur-reply related to the amended motion for attorneys' fees, ECF No. 144.

Relatedly, Broan moves the Court to conduct an in-camera review of a "single document" that "Conglom repeatedly references and speculates about" in its "Reply in Support of its Motion for Attorneys' Fees." ECF No. 148 at 1 (citing ECF No. 138). The Court will deny without prejudice this motion because its denial of Conglom's amended motion for attorneys' fees means there is no reason to evaluate the merits of in-camera review of the document at this time.

------

[14]While a "record [that] is complex," as this one is, might otherwise suggest that a stay is appropriate, *GS CleanTech Corp. v. Adkins Energy LLC*, No. 10 C 4391, 2018 WL 1469001, at *7 (N.D. Ill. Mar. 26, 2018) (citing *Finnegan v. Myers*, No. 3:08-CV-503, 2016 WL 7209697, at *2 (N.D. Ind. Dec. 12, 2016)), the Court prefers to address all possible bases for sanctions following the conclusion of Broan's appeal. Furthermore, neither party has moved for or otherwise requested a stay. As such, the Court considers denying without prejudice the amended motion for attorneys' fees to be a better exercise of its judgment.

### 4.3 Motions to Restrict and Seal

#### 4.3.1 Motion to Seal and Restrict, ECF No. 146

The Court will grant Broan's motion to seal ECF No. 148-1 and to restrict access to ECF No. 147-1 to case participants only. ECF No. 146. Courts must find good cause to seal, as court documents are presumptively open to the public. *See Bartos v. Lowe's Home Ctrs., LLC*, No. 4:23-cv-00070-TWP-KMB, 2025 WL 2856352, at *1 (S.D. Ind. Sept. 15, 2025) (citing *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999)); *cf. Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1357 (Fed. Cir. 2020) (applying Ninth Circuit law to a Northern District of California's court's decision to seal a document).

Because the Court has denied without prejudice Broan's motion for the Court to conduct an in-camera inspection of the document at ECF No. 148-1, *see supra* Section 4.2, it will keep that document under seal pending further order of the Court. The Court does this to avoid prematurely unsealing the document before it can determine whether the document is, in fact, privileged. *See Vardon Golf Co., Inc. v. Karsten Mfg. Co.*, 213 F.R.D. 528, 532–33 (N.D. Ill. Mar. 31, 2003) (finding waiver "[t]o the extent that [the party] attached privileged documents to his petition without placing them under seal for *in camera* inspection" (citing *Lam v. DeTella*, No. 98 C 283, 1999 WL 169055, at *1 (N.D. Ill. Mar. 19, 1999))).

For the same reason, the Court will keep under restriction the document at ECF No. 147-1. Generally, "documents containing sensitive pricing information, sales figures, sales dollar amounts . . . and other financial records not normally made known to the public may be properly filed under seal." *Formax Inc. v. Alkar-Rapidpak-MP Equip., Inc.*, No. 11-C-

0298, 2013 WL 2452703, at *1 (E.D. Wis. June 5, 2013) (citing *E.E.O.C. v. Abbot Lab'ys*, 10-C-833, 2012 WL 3842460, at *2 (E.D. Wis. Sept. 5, 2012)). Since ECF No. 147-1 appears to be Conglom business records that contain pricing information, the Court will keep it under restriction to case participants only. For these reasons, the Court grants the entirety of Broan's motion, ECF No. 146. The Clerk of Court shall maintain the document ECF No. 148-1 remain under seal until further order of the Court, and the document at ECF No. 147-1 under restriction under further order of the Court.

### 4.3.2 Motions to Restrict, ECF Nos. 128 and 154

Broan also seeks to restrict the documents at ECF Nos. 132-1, 132-2, 132-3, 132-4, 132-5, 132-6, 132-7, 132-8, 132-9, 132-10, 132-11, 132-12, 132-13, 132-14, 132-15, 132-16, 132-17, 132-18, 132-19, 132-20, 156-2, and 156-3. ECF Nos. 128 and 154. Each of these documents[15] has confidential business information, just like ECF No. 147-1. *See supra* Section 4.3.1. The Court will, therefore, grant these motions in full. Therefore, the Clerk of Court shall maintain the documents at ECF Nos. 132-1 through ECF No. 132-20, ECF No. 156-2 and ECF No. 156-3, under restriction until further order of the Court.

### 4.3.3 Remaining Motions to Restrict, ECF Nos. 122 and 134

Broan's motion, ECF No. 122, seeks to both restrict an exhibit and one of Broan's briefs. The motion will be granted as to restricting the document at ECF No. 120-3 which contains sensitive pricing information, akin to that in ECF No. 147-1. *See supra* Section 4.3.1. It will also be granted

---

[15]To the extent Broan moves to restrict Exhibits 8 through 11, there is an implication that there exists an Exhibit 9. ECF No. 128 at 1. However, the Court sees no Exhibit 9 on the docket, so there is nothing for the Court or the Clerk of Court to do in this respect.

as to ECF No. 119; even though this is a brief, the Court has stricken it from the record. *See* Nov. 20, 2025 Text Only Order. As a result, it no longer contains "[m]aterials that [will] influence or underpin a decision," meaning that the presumption to keep it open to public view does not apply to it anymore. *Bartos*, 2025 WL 2856352, at *1 (quoting *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009)) (internal quotation marks omitted). At the same time, it contains the same kinds of confidential materials as described below with respect to ECF No. 136-2. As such, the Court will grant the motion to restrict, ECF No. 122, in its entirety. The Clerk of Court will maintain ECF Nos. 119 and 120-3 under restriction until further order of the Court.

As alluded to above, Broan's motion to restrict its operative opening brief poses a problem, as it contains "materials that influence or underpin" this Court's ruling on its motion to reconsider. No. 134 (citing ECF No. 136-2 (the corrected brief)); *Bartos*, 2025 WL 2856352, at *1 (quoting *Bond*, 585 F.3d at 1075)) (internal quotation marks omitted). The Court appreciates it may refer to materials that are restricted pursuant to a Court order. *Compare* ECF No. 136-2 at 17 *with* ECF No. 99-8; *see also* ECF No. 108 at 55 (restricting ECF Nos. 96-1, 99-2, 99-3, 99-4, 99-8, 99-9, 99-10, and 99-11). However, Broan cannot hide its brief from public view by incorporating confidential materials. *See* GEN. L.R. 79(d)(2) ("To the extent possible, the movant should include with the public filing a version of the document or material that redacts only those portions of the document that are subject to the restriction/sealing request."). To fix this problem, the Court will order that Broan file a redacted version of ECF No. 136-2 within seven (7) days of the date of this Order. *See id*.

In the meantime, the Court appreciates that the unredacted version of Broan's brief, ECF No. 136-2, contains sensitive contents, as discussed

above. As such, the Court will grant the motion to restrict, ECF No. 134. The document at ECF Nos. 136-2 shall remain under restriction until further order of the Court.

**5.      CONCLUSION**

For the reasons stated herein, the Court will deny Broan's motion for reconsideration, ECF No. 118. It will deny as moot Broan's motion for leave to file a declaration in support of its reply brief, ECF No. 165. It will deny as moot Conglom's motion for attorneys' fees, ECF No. 111, and will deny without prejudice Conglom's amended motion for attorneys' fees, ECF No. 115. The Court will deny as moot Broan's motion to strike, or in the alternative, to file a sur-reply, ECF No. 144. It will deny without prejudice Broan's motion for leave to submit documents for in-camera review, ECF No. 148. Broan's motion to seal, ECF No. 146, will be granted. The Clerk of Court shall maintain under seal the document at ECF No. 148-1 until further order of the Court. Broan's various motions to restrict, ECF Nos. 122, 128, 134, 146, and 154, will be granted in full. The Clerk of Court shall maintain under restriction the documents at ECF Nos. 119, 120-3, 132-1 through 132-20, 136-2, 147-1, 156-2, and 156-3.

Further, Broan must file a redacted version of ECF No. 136-2 **within seven (7) days** of this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff Broan-NuTone LLC's motion to reconsider, ECF No. 118, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Broan-NuTone LLC's motion to file a declaration in support of its reply brief, ECF No. 165, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendant Conglom Hong Kong Limited's motion for attorneys' fees, ECF No. 111, be and the same is hereby **DENIED as moot;**

**IT IS FURTHER ORDERED** that Defendant Conglom Hong Kong Limited's amended motion for attorneys' fees, ECF No. 115, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff Broan-NuTone LLC's motion to strike, or in the alternative, to file a sur-reply, ECF No. 144, be and the same is hereby **DENIED as moot;**

**IT IS FURTHER ORDERED** that Plaintiff Broan-NuTone LLC's motion for leave to submit documents for in-camera review, ECF No. 148, be and the same is hereby **DENIED without prejudice;**

**IT IS FURTHER ORDERED** that Plaintiff Broan-NuTone LLC's motion to seal, ECF No. 146, be and the same is hereby **GRANTED;** the document at ECF No. 148-1 shall remain under seal until further order of the Court;

**IT IS FURTHER ORDERED** that Plaintiff Broan-NuTone LLC's motions to restrict, ECF Nos. 122, 128, 134, 146 and 154, be and the same are hereby **GRANTED;** the documents at ECF Nos. 119, 120-3, 132-1, 132-2, 132-3, 132-4, 132-5, 132-6, 132-7, 132-8, 132-9, 132-10, 132-11, 132-12, 132-13, 132-14, 132-15, 132-16, 132-17, 132-18, 132-19, 132-20, 136-2, 147-1, 156-2, and 156-3 shall remain restricted to case participants only until further order of the Court; and

**IT IS FURTHER ORDERED** that Plaintiff Broan-NuTone LLC must file a redacted version of ECF No. 136-2 **within seven (7) days** of this Order as instructed herein.

Dated at Milwaukee, Wisconsin, this 10th day of June, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Case 2:23-cv-00393-JPS    Filed 06/10/26    Page 33 of 33    Document 170